THE STATE, DEFENDANT IN ERROR, v. MICHAEL CONTARINO, PLAINTIFF IN ERROR.

Submitted December 7, 1917—Decided February 7, 1918.

1. It is not error for a trial judge to refuse to receive in evidence a record of statements made by a witness at a preliminary hearing where the person who took such statement was not produced to give evidence as to its correctness or authenticity, such a statement standing alone, being in the category of hearsay or secondary evidence.
2. Where officers of the law obtained evidence in the normal manner concerning the illegal sale of intoxicants, their testimony is not inadmissible on the ground of being a species of entrapment.
3. The rule of reasonable doubt in criminal cases is not encompassed by any set formula. It is enough that its practical application to the facts of a given case be sufficiently stated to the jury.

---

On error to the Salem Sessions.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the state, *Daniel V. Summerill, Jr.*

For the plaintiff in error, *Charles V. D. Joline.*

The opinion of the court was delivered by

MINTURN, J.    The defendant was found guilty by the verdict of a jury of the illegal sale of beer and whiskey, upon an indictment which charged him with unlawfully selling beer and whiskey at Pennsgrove, in Salem county.

It is insisted that the trial court erred in refusing to direct the jury to acquit at the conclusion of the state's case. We think there was no error in this, since it is well settled that such a direction at that juncture is discretionary with the trial court and is not reviewable here. *State v. Burnett*, 62 *N. J. L.* 510; *State v. Jaggers*, 71 *Id.* 281.

It is also insisted that there was no proof that the purchases made consisted of beer or whiskey. The witness Nichols testified that he obtained both on request, and that he was able to identify them as such.

It is also argued that the trial court illegally refused to receive in evidence a record of statements made by certain witnesses at a preliminary hearing. We think this record was properly excluded since there was no testimony to support the correctness of the testimony so offered.

The stenographer, or person who took or wrote the statement, was not produced, and without such preliminary proof as to its correctness and authenticity, the statement is in the category of hearsay or secondary evidence and was properly rejected. 1 *Greenl.* 97.

Nor was it error in the trial court to refuse to admit the testimony of officers of the law, who testified to the *corpus delicti*, on the ground that their presence at the place was a species of entrapment.

The facts in State *v.* Dougherty were different and do not bring the case at bar within the principle of entrapment, if that rule were conceded to be applicable, since the officers engaged in no conspiracy to entrap the defendant, but obtained

their evidence in the normal manner. We have held that the weight and credibility of their story under the circumstances presented a question for the consideration of the jury. *State v. Frank*, 90 *N. J. L.* 78.

Nor do we perceive error in the charge of the court relative to the defendant's knowledge of sales by the son of defendant, who was in charge of the place; nor is there error in the court's practical definition of reasonable doubt, which required them to be satisfied as reasonable men of the defendant's guilt before convicting him.

The rule of reasonable doubt is not encompassed by any set formula. It is enough that its practical application to the facts of a given case be sufficiently stated to the jury so as to avoid misconception.

Finding no error the judgment of conviction will be affirmed.