THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. CLARENCE FISHER, PLAINTIFF IN ERROR.

Argued November 5, 1919—Decided April 9, 1920.

1. Whether an indictment shall be quashed or not is a matter resting in the discretion of the court before whom the motion is made, and is not reviewable on writ of error or under section 136 of the Criminal Procedure act.

2. The ruling of a trial court in excluding certain questions, even if technically improper, will not lead to a reversal, if such exclusion did not constitute harmful error.

On error to the Salem County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Clarence L. Cole.*

For the state, *Daniel V. Summerill, Jr.,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This writ of error brings up a conviction had against Clarence Fisher in the Salem Quarter Sessions upon an indictment charging him with having, for a money consideration, and while he was the chief of police of the borough of Penns Grove, suppressed the crime of rape committed by certain persons named in the indictment upon the body of one Pauline Guiseppi.

The first ground upon which we are asked to reverse this conviction is, that there was error in the court's definition of reasonable doubt. What the court said was this: "If the defendant is found guilty it must be beyond a reasonable doubt; and by reasonable doubt is meant nothing more nor less than you, as the men selected to determine the facts, and you in determining the facts as reasonable men are satisfied in your minds that this crime was committed by this defendant, and if you are so satisfied you should convict him. If you are not so satisfied you should acquit him." The criticism upon the instruction is that it is necessary for the jury to have an abiding conviction to a moral certainty of the defendant's guilt, and not merely to be satisfied of it; in other words, that one may be satisfied of another's guilt, and still entertain a reasonable doubt upon the matter. It must be admitted that the language used by the trial judge does not very

clearly express the thought intended to be impressed upon the minds of the jurors. The question for us to determine, however, is whether it contains legal error; and we think it enough to say in deciding it that language similar in its legal effect was approved by this court in *State* v. *Contarino,* 92 N. J. L. 381, and again in State *v.* Linker, decided at the last November term of this court. Unless and until the Court of Errors and Appeals shall declare that such an instruction is not only less clear than is desirable, but constitutes legal error, we feel constrained to follow our earlier decisions.

Next, it is urged that there was harmful error in the refusal of the trial court to quash the indictment because it failed to aver that certain of the grand jurors who presented it had affirmed without asserting that they were conscientiously scrupulous against taking an oath. But this ground of reversal cannot be considered by us. Whether an indictment shall be quashed or not is a matter resting in the discretion of the court before whom the motion is made, and, consequently, is not reviewable on writ of error. *State* v. *Pisaniello,* 88 N. J. L. 262. Nor is it reviewable under section 136 of the Criminal Procedure act; for that section deals only with matters which occur during the progress of the trial, and the motion to quash always precedes the moving of the case and the impaneling of the jury.

A further ground of reversal urged before us is that the court erred in refusing to charge the following request submitted on behalf of the plaintiff in error: "According to the testimony of Campo (a witness called by the state), he was a party to the alleged crime, and, therefore, the jury must examine his testimony with caution." The request was properly refused, for it rested upon a misstatement of fact. Campo's testimony did not show that he was a party to the alleged crime charged in the indictment against the plaintiff in error, which was that he, as an officer of the law, compounded a common law felony. As a matter of fact, it does not even appear from the proofs that Campo was even an inducing cause to this malfeasance in office by the plaintiff in error.

Next, it is contended that the court erred in refusing to charge this request: "The defendant had no legal right to arrest any one of the parties claimed to have violated the law, unless the offence was committed in his presence, or he was armed with a warrant; and since there is no evidence that the offence was committed in his presence, or that he had a warrant, he cannot be convicted because he failed to arrest them." This request was properly refused, for the reason that its purpose was to present to the jury a matter which was quite immaterial in determining the question of the guilt or the innocence of the plaintiff in error of the offence charged against him. The proofs showed that the parties who had committed the statutory rape set out in the indictment admitted to him that they had done so. Even if it be assumed that he was not justified, immediately upon the making of the confession, in arresting the offenders, it was his plain duty to appear promptly before a magistrate, make a formal complaint against them, procure a warrant for their arrest on that complaint, and execute it as soon as he reasonably could do so. Instead of doing this he took money as a consideration for suppressing the crime, and corruptly failed to take any steps to bring the offenders to justice; and it is this corruption in office that is the fundamental charge laid against him in the indictment.

It is further urged that the court was in error in excluding certain questions asked of the state's witness Fred Campo on his cross-examination. We find that these questions had no direct bearing upon the matter in issue; and whether counsel should have been permitted to go so far afield in his cross-examination as he sought to do was a matter resting in the discretion of the trial court. *Jones* v. *Mechanics Fire Insurance Co.,* 36 *N. J. L.* 29. Moreover, we are not able to perceive how the answers to these questions, whatever they might have been, could have benefited the plaintiff in error in his defence against the charge laid in the indictment, and, consequently, the ruling of the court in excluding 'the questions, even if technically improper, did not constitute harmful error, and, so, will not justify a reversal. This principle of law is

so entirely settled by the many decisions, both of this court and of the Court of Errors and Appeals, that a citation of authorities to support it would, in the language of the late Chief Justice Beasley, be "the commission of petty larceny upon our Digest."

Another ground of reversal is that the court erroneously permitted the jury to convict the defendant upon either one or the other of two counts contained in the indictment, or upon both; and the argument, as we understand it, is that there was no evidence which would sustain a conviction upon the first count. Our examination of the proofs sent up with the writ of error satisfies us that this contention is not supported by the fact; in other words, that there was ample testimony, if the jury believed it, to justify a conviction in accordance with the instructions of the trial judge.

Lastly, it is asserted that the conviction should be reversed because of a misstatement of facts made by the court in its charge to the jury. The language criticised was this: "It is a question of fact, gentlemen, for you to determine from the evidence which is produced here whether or not the witness Campo, and the three Italians, all of whom testified that money was turned over to the defendant, on the one side, and, on the other hand, this defendant, who states that he never received that money," &c. The assertion made by counsel is that this was a misstatement, because only two of the Italian witnesses, namely, Controversian and Quatrocki, testified to the money being paid to the defendant, and that Funini, the third of the Italian witnesses referred to in this excerpt from the charge, gave no testimony upon this point. Our examination of the proofs shows that the judge was right in his statement of fact. Funini, on his redirect examination by the prosecutor, stated that he was present when a part of this money was paid to the plaintiff in error—that he was right there and saw it given to him.

No other grounds of reversal having been urged before us on the argument, or in the brief submitted, we conclude that the judgment under review must be affirmed.