THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CLARENCE FISHER, PLAINTIFF IN ERROR.

Argued November 17, 1920—Decided February 28, 1921.

1. Plaintiff in error, convicted of crime in the Quarter Sessions,
   brought error to the Supreme Court under section 136 of the
   Criminal Procedure act (*Comp. Stat., p.* 1863), where he filed
   several assignments of error and also several causes for reversal
   under section 137 of that act. *Ibid.* The Supreme Court af-
   firmed the judgment of conviction of the Quarter Sessions and
   plaintiff in error then removed the judgment of the Supreme
   Court into this court by writ of error, and here assigned for
   error that the Supreme Court gave judgment affirming the con-
   viction of the plaintiff in error and of the judgment thereon,
   when it should have reversed the judgment of the Quarter Ses-
   sions and set aside the conviction. *Held,* the only proper as-
   signment of error in this court, under which reliance might be
   had upon the assignments of error and causes for reversal as-
   signed in the Supreme Court upon the record brought there from
   the Quarter Sessions.
2. The charge of the trial court on the subject of reasonable doubt
   —*Held,* error, on the authority of *State* v. *Linker,* 94 *N. J. L.*
   411, wherein a proper definition of reasonable doubt is laid
   down.

On error to the Supreme Court, whose opinion is reported
in 94 *N. J. L.* 12.

For the plaintiff in error, *Clarence L. Cole.*

For the defendant in error, *Daniel W. Beckley,* prosecutor
of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. The defendant, Clarence Fisher,
chief of police of the borough of Penns Grove, was convicted
in the Salem Quarter Sessions on an indictment charging
him with suppressing crime for a money consideration, and
judgment was duly entered thereon. He sued out a writ of
error to the Supreme Court where the judgment of the

Quarter Sessions was affirmed, and has removed the judgment of the Supreme Court into this court on writ of error. Although counsel for the state contends otherwise, this case is here under section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863. The return of the trial court was made in two certificates instead of one as is usual. In the first one the trial judge returned the record and proceedings with all things touching the same, which is the usual return at common law. Then, at the conclusion of the testimony, he certified that what preceded was the entire record of the proceedings had upon the trial, which is the certificate required under section 136 of the Criminal Procedure act. *State* v. *Clark,* 75 *N. J. L.* 473. In the Supreme Court the plaintiff in error filed several assignments of error and also several causes for reversal. The assignment of error in this court is that the Supreme Court gave judgment affirming the conviction of the plaintiff in error and of the judgment thereon when it should have reversed the judgment of the Quarter Sessions and set aside the conviction. The only alleged error argued in this court is that the trial judge erred in his definition of reasonable doubt in his charge to the jury. This was excepted to in the trial court, and was made an assignment of error and a cause for reversal in the Supreme Court.

It was argued orally by the prosecutor of the pleas, although the point is not made in his brief, that the objection by counsel for the plaintiff in error that the trial judge erred in charging the jury on the question of reasonable doubt, is not properly raised and is not available to him on error in this court, because he has not here assigned it as error nor made it a cause for reversal; and he contends that specific errors and causes for reversal are required to be filed in this court under section 137 of the Criminal Procedure act in all causes where the plaintiff in error shall elect to take up the entire record under section 136.

Notwithstanding repeated adjudications in this court to the effect that there is only one proper assignment of error here when a cause comes up from the Supreme Court, when that tribunal has sat as a court of review (*State* v. *Verona,*

93 *N. J. L.* 389; *Thompson* v. *East Orange,* 94 *Id.* 106; *State* v. *Metzler, Id.* 418), namely, that the Supreme Court erred in giving judgment for the successful, when it should have given judgment for the unsuccessful, party, there appears to be a wide-spread impression among members of the bar that it is necessary to reassign in this court all of the errors assigned in the Supreme Court which are to be relied upon here as cause for reversal; and, in criminal cases brought up under section 136 of the Criminal Procedure act, the impression seems to prevail that not only must the alleged trial errors be reassigned in this court, but also that any matter in the record, not the subject of specific exception. upon which reliance is placed for reversal, must be specified as cause for relief or reversal under section 137, and served upon the attorney-general or prosecutor of the pleas. This is the procedure in the court of first appeal when the plaintiff in error desires a dual review (1) for errors properly assigned upon the record; (2) for matters appearing in the trial record disclosing that manifest wrong and injury has resulted to the plaintiff in error from the judicial conduct of the trial in respect to certain specified matters. *State* v. *Merkle,* 83 *Id.* 677. But the errors assigned on the bills of exceptions taken at the trial, and the causes relied upon for relief and reversal, comprehend errors committed in and by the trial court and are assignable in the court of review into which the trial record is immediately removed. When that court is one of intermediate appeal, and the losing party is dissatisfied with its judgment, and then removes the cause into the court of last resort, the only proper assignment of error there is, as above stated, that the court below (court of intermediate appeal) erred in giving the judgment which it rendered, for errors are assignable only upon the record. *McCarty* v. *West Hoboken,* 93 *Id.* 247; *Birtwistle* v. *Public Service Railway Co.,* 94 *Id.* 407. The reason for all this is obvious: When a cause is taken from a trial court to a court of review. and reversal is sought for alleged errors made in the court of first instance, it is necessary in the appellate court to specify the alleged errors in the record and the causes which it is claimed

should lead to reversal. The appellate court then pronounces upon the record so made its judgment, which is either of affirmance or reversal. And, therefore, the judgment of the appellate court is the only thing to be reviewed on appeal to a still higher court of review, in which latter court, after an assignment of error that the first appellate court erred in giving judgment for the successful, instead of the unsuccessful, party, the appellant or plaintiff in error can advance any argument tending to show that the first appellate court erred in giving judgment against him for any of the reasons upon which that tribunal rested its decision (*Thompson* v. *East Orange, supra*), and reliance may be had upon the assignments of error and causes for reversal filed in the court below and brought up with the record. *State* v. *Metzler, supra.*

The procedure above outlined applied to the case at bar is this: The cause was tried in the Court of Quarter Sessions and removed into the Supreme Court on error; there errors were assigned upon the trial record and causes for reversal specified, and the Supreme Court gave judgment; that judgment has been removed into the Court of Errors and Appeals and is alleged to be erroneous, because it is said that the Supreme Court should have given judgment of reversal, and, not having done so, the Court of Errors and Appeals is asked to reverse the Supreme Court for one or more of the errors which were before it, which errors it did not make; but which were made in the Court of Quarter Sessions, whose judgment should have been the reverse of what it was. The assignment of error in this court, namely, that the Supreme Court should have reversed the judgment of the Quarter Sessions, is entirely efficacious to permit of the argument in the Court of Errors and Appeals of the alleged error with regard to the trial judge's definition of reasonable doubt, which, as already · said, was excepted to in the Quarter Sessions and assigned for error in the Supreme Court.

The judge's charge on the subject of reasonable doubt (several defendants being tried together by consent) was as follows:

"After considering all the facts you are to determine whether or not these defendants are guilty, and, if you determine that they are guilty, it must be beyond a reasonable doubt, and by reasonable doubt is meant nothing more or less than that you as the men selected to determine this case shall conscientiously, and as reasonable men, be satisfied in your minds that the defendants did receive the money for the purpose of suppressing this crime. If you are so satisfied you should convict them. If you are not so satisfied, you should acquit them."

This is almost identical in words, and certainly gave identically the same impression to the jury, as the charge condemned by this court in *State* v. *Linker,* 94 *N. J. L.* 411, wherein a proper definition of reasonable doubt was laid down as follows:

"Reasonable doubt is not a mere possible doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge."

In passing it is proper to call attention to a mistake made by the Atlantic Reporter in this Fisher case in reference to the Supreme Court's opinion which is published in 110 *Atl. Rep.* 124. At *p.* 125 appears the following, attributed to the Supreme Court: "Language similar in its legal effect was approved by this court in *State* v. *Contarino,* 91 *N. J. L.* 103; 102 *Atl. Rep.* 872, and again in *State* v. *Linker,* 111 *Id.* 35, decided at the last November term of this court." Examination of the filed opinion shows that this is correct with the exception of 111 *Atl. Rep.* 35. That (111 *Atl. Rep.* 35) is an interpolation, and is a citation of the opinion of this court in the Linker case overruling the Supreme Court in that case, whose opinion is published in 110 *Atl. Rep.* 515, and the latter (110 *Atl. Rep.* 515) should have been cited in this Fisher case in 110 *Atl. Rep.* (at *p.* 125), instead of this court's opinion in the Linker case (111 *Atl. Rep.* 35).

It is but fair to the Supreme Court to say that its opinion in this Fisher case (110 *Atl. Rep.* 124; 94 *N. J. L.* 12) was

filed April 9th, 1920; which was more than two months before our opinion in the Linker case (94 *N. J. L.* 411) was filed, which was on June 14th, 1920. In fact the Supreme Court, in its opinion in the Fisher case (110 *Atl. Rep.* 125), in sustaining the instruction on the question of reasonable doubt in that case, used this language: "It must be admitted that the language used by the trial judge does not very clearly express the thought intended to be impressed upon the minds of the jurors. The question for us to determine, however, is whether it contains legal error, and we think it enough to say in deciding it that language similar in its legal effect was approved by this court in *State* v. *Contarino,* 91 *N. J. L.* 103; 102 *Atl. Rep.* 872, and again in *State* v. *Linker,* 111 *Atl. Rep.* 35 (should be 110 *Atl. Rep.* 515), decided at the last November term of this court. Unless and until the Court of Errors and Appeals shall declare that such an instruction is not only less clear than is desirable, but constitutes legal error, we feel constrained to follow our earlier decisions." That the Court of Errors and Appeals afterwards did, namely, overruled the definition of reasonable doubt given by the Supreme Court in *State* v. *Contarino,* 91 *N. J. L.* 103, and *State* v. *Linker,* 110 *Atl. Rep.* 515, and laid down a proper definition of reasonable doubt. *State* v. *Linker,* 94 *N. J. L.* 411.

The result reached is, that the judgment brought up from the Supreme Court on this writ of error must be reversed, to the end that a new trial may be granted in the Quarter Sessions.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.