STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GUY DRAGONE, PLAINTIFF IN ERROR.

Submitted July 9, 1923—Decided November 19, 1923.

1. Where no objection is made to a question, and no reason for striking out the answer is stated, the action of the trial judge in denying the motion to strike out the answer will not lead to a reversal, even though the entire record is before the court under section 136 of the Criminal Procedure act.

2. Where the trial judge, instead of granting a proper motion to strike out the irresponsive and objectionable part of the answer of a witness, puts a question to the witness the answer to which discloses the ignorance of the witness concerning the subject-matter of the objectionable part of the previous answer, thereby rendering it substantially harmless, such error will not justify a reversal, especially where the trial proceeds without the motion to strike out being pressed.

3. Illegal testimony introduced by the state without objection, and concerning which no motion was made to strike out, is no ground for reversal, although the entire record is brought up under section 136 of the Criminal Procedure act.

4. A former acquittal is not admissible as a defense under the general issue raised by a plea of not guilty, but must be set up by a plea of *autrefois acquit* in writing. If not so pleaded, the defense is waived.

5. An acquittal in a prosecution in which there could be no valid conviction, because of the invalidity of the statute under which the proceeding was taken, is no bar to another prosecution for the same offense in a court of competent jurisdiction.

6. Upon the trial of an indictment for common law disorderly house the court charged: "While the habitual unlawful sale of liquor alone will not sustain this indictment, it will be sustained where in addition thereto it is shown that men and women of evil name and fame were permitted to frequent the place and there drink such intoxicating liquor, indulge in acts of open indecency, or where in addition to such sales it is shown that other illegal practices specified in the indictment were habitually carried on." *Held*, that such instruction did not lead the jury to believe that they might convict upon mere proof of habitual sales of intoxicating liquors, and was not otherwise prejudicial to the defendant.

7. It is always the right and often the duty of the judge to tell the jury how the testimony strikes his mind, both as to its force and the inferences he would draw from it, and such expressions in a charge will not lead to a reversal so long as the right and duty of the jury to decide for themselves all disputed questions of fact is pointed out in the charge.

On writ of error to the Supreme Court.

For the plaintiff in error, *John A. Matthews* and *Grosken & Moriarty.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J.   This writ of error brings up a judgment of the Supreme Court affirming a conviction of the defendant upon an indictment in the Essex County Oyer and Terminer Court, charging the defendant with keeping a common law disorderly house.

The case comes up on exceptions taken at the trial and also under section 136 of the Criminal Procedure act. *Comp. Stat., p.* 1863.

We are of the opinion that the judgment was rightly affirmed.

Many points were argued in the Supreme Court and most of them were disposed of adequately.  Some, however, require additional or more extended observations, and these will now be considered.

The first point is that there was error requiring reversal in the refusal of the trial judge to strike out an answer made in response to a question put by the state to an officer named Badgley, who participated in the raid upon the premises in question.

We think that there is no merit in this point.  No objection was made to the question and no reason for striking out the answer was stated.  In such case the action of the trial judge in denying the motion to strike out the answer will not lead to a reversal, even though, as here. the entire record is before the court under section 136 of the Criminal Procedure act. *State* v. *Murphy,* 87 *N. J. L.* 515, 523; *State* v. *Hummer,* 73 *Id.* 714, and on rehearing, 81 *Id.* 430.

The next point relates to the action of the trial judge in ignoring the request of the defendant to strike out the irre-

sponsive part of an answer given by an officer named Helfers, produced by the state, who also participated in the raid.

The officer was asked, "What did you do there?" He answered, "We tried to get in the saloon premises. Some one told them and tipped them off." Thereupon counsel for the defendant objected and asked that the irresponsive part of the answer which says "tipped them off" be stricken out. Thereupon the trial judge asked the witness, "What did you see?" To which the witness replied, "A man running across the street from the Iroquois restaurant to the College Inn (the premises in question). I don't know what he said." And then, without further comment, objection or request, the examination proceeded.

No doubt the matter volunteered by the witness should have been stricken out; but we think that the failure so to do was not error requiring reversal in the circumstances of the present case. Where, as here, the trial judge, instead of granting the proper motion to strike out the irresponsive and objectionable part of the answer, puts a question to the witness, the answer to which discloses the ignorance of the witness concerning the subject-matter of the objectionable part of the previous answer, thereby rendering it substantially harmless, such error will not justify a reversal, especially where the trial proceeds without the motion to strike out being pressed.

The next point is that there was error requiring reversal in permitting the state's witness, Badgley, a police officer, to testify that some of the girls arrested at the time of the raid were turned over to the board of health for examination.

A complete answer to this is that, assuming the testimony to be illegal, it was taken without any objection on the part of the defendant and no motion was made to strike it out, and is, therefore, no cause for reversal, even though the entire record is before the court under section 136 of the Criminal Procedure act. *State* v. *Warady*, 77 *N. J. L.* 348; *affirmed,* 78 *Id.* 687; *State* v. *Sweet,* 81 *Id.* 250; *State* v. *Hummer, supra,* and on rehearing, 81 *Id.* 430.

The next point is that there was error requiring reversal in allowing the record nurse of the board of health to testify, over objection to the names of women appearing on her records. This point is not well founded in point of fact. There was no objection to such testimony. It is true that there was an objection to a previous question as to whether or not she had a record, but that question was harmless and, moreover, was not answered.

The next point is that the trial judge erred in refusing to admit proof of the prior acquittal of the defendant on a charge of selling and possessing liquor for beverage purposes in violation of the Prohibition Enforcement act, commonly called the Van Ness act. *Pamph. L.* 1921, *p.* 171.

We think that was not erroneous. It seems quite clear that the prosecution of a common law indictment for disorderly house, such as the present one, is not a prosecution for the *same offense* as a prosecution for the selling and possessing liquors under the Van Ness act. But even if the offense was the same, as contended by the defendant, still the evidence was properly excluded, because the defendant went to trial under a plea of not guilty and did not plead *autrefois acquit.* The rule is that a former acquittal is not admissible as a defense under the general issue raised by a plea of not guilty, but must be set up by a plea of *autrefois acquit* in writing. *Comp. Stat., p.* 1835, § 35; *State v. Ackerman,* 64 *N. J. L.* 99. If not so pleaded the defense is waived. Moreover, since there could not have been a valid conviction in that prosecution under the Van Ness act because of the invalidity of the statute (*Katz v. Eldridge,* 97 *N. J. L.* 123), an acquittal in that proceeding is no bar to another prosecution for the same offense in a court of competent jurisdiction.

The next point is that the trial judge erroneously led the jury to believe that they might convict the defendant upon mere proof of habitual sales of intoxicating liquors. Not so. He charged that "while the habitual unlawful sale of liquor alone will not sustain this indictment it will be sustained where in addition thereto it is shown that men and women

of evil name and fame were permitted to frequent the place and there drink such intoxicating liquor, indulge in acts of open indecency, or where in addition to such sales it is shown that other illegal practices specified in the indictment were habitually carried on." This was not prejudicial to the defendant in the respect complained of, or in any other respect.

The last point requiring consideration is that the trial judge in his charge so summarized the evidence as to "indicate a desire on the part of the court for a conviction."

But that contention seems to be ill-founded. True, the judge used language indicating the impression made upon his mind by the evidence. But that he had a right to do. It is always the right, and often the duty, of the judge to tell the jury how the testimony strikes his mind, both as to its force and the inferences he would draw from it, and such expressions in a charge will not lead to a reversal so long as the right and duty of the jury to decide for themselves all disputed questions of fact is pointed out in the charge (*State* v. *Randall*, 95 *N..J. L.* 452), and that the trial judge did.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, ACKER-SON, VAN BUSKIRK, JJ.   9.

*For reversal*—None.