THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM THOMAS, PLAINTIFF IN ERROR.

Argued October 5, 1932—Decided March 3, 1933.

Before Justices BODINE and DONGES.

For the plaintiff in error, *Archie Elkins.*

For the defendant in error, *John Drewen.*

PER CURIAM.

The defendant was convicted of robbery. On October 21st, 1931, Samuel Nelson, an employe in the Oyster Bay Restaurant, Journal Square, Jersey City, New Jersey, was assaulted while making up the payroll and robbed thereof. He later identified the defendant as his assailant. Another witness had seen the defendant, shortly before the commission of the crime, standing in the premises not far from the office where the payroll was being made up. The defendant, previously employed in the restaurant, was out of work at the time

of the crime. He offered a number of witnesses whose testimony tended to show that he was not at the scene of the crime at the time of its commission but was in Newark. The verdict is not contrary to the weight of evidence. The state offered proof which clearly established the defendant's guilt. The identification of the defendant was complete and definite.

The trial judge, in the course of his charge, said it often happened that a person charged with crime, having no defense, says, "the best thing I can do I will present an alibi." He then directed the jury to scrutinize the testimony of the witnesses adduced on behalf of the state and the defense with utmost care. Reading all that he said on the subject, it is apparent that the defendant was in no respect prejudiced.

The charge, in so far as it respects the alibi, sufficiently conforms with the rule followed in this state. At the same time, we wish to observe that the language of Mr. Justice Garrison in *Sherlock* v. *State,* 60 *N. J. L.* 31; 37 *Atl. Rep.* 435, has stood the test of time and need not be clarified or improved upon. The trial judge in this case did say in effect that this was a case where it was the duty of the state to prove the personal presence of the defendant at the seat of the crime, and that the effect of testimony to the contrary might create such a degree of uncertainty as to the whereabouts of the defendant that the jury could not be satisfied beyond a reasonable doubt of his guilt as charged. There is nothing in the language of the court that would suggest that the burden of proof had shifted, which, of course, was the vice in the charges in the authorities cited in behalf of the defense. The charge, as a whole, clearly leaves it to the jury to determine all disputed questions of fact. *State* v. *Dragone,* 99 *N. J. L.* 144; 122 *Atl. Rep.* 878.

The rulings of the trial judge on the admission and exclusion of evidence were not harmful and appear to have been made in pursuance of the exercise of a sound discretion. The facility with which travel may be made between Newark and Jersey City is certainly a matter well known to every observant person, so that proof of the frequency of the operation of trains between the two places could do no harm.

It seems also evident that statements made by the witness Nelson not in the presence of the defendant would be inadmissible. His acts and observations, when he identified the defendant, were, of course, material and if evidenced by declarations such matters could have been brought out upon cross-examination, but precluding him from telling what he said on a previous occasion is not error in the absence of a showing of other facts and circumstances which might have made his declarations relevant on the issue being tried.

The comments made upon the evidence by the trial judge seem to fall within the rule which has long existed in this state. *State* v. *Dragone,* 99 *N. J. L.* 144; 122 *All. Rep.* 878.

The other assignments of error merit no further discussion. The judgment will be affirmed.