STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FRANK SCHMIEDER, DEFENDANT-APPELLANT.

Argued May 15, 1950—Decided June 12, 1950.

*Mr. Edward F. Juska* argued the cause for the appellant.

*Mr. George A. Gray,* Assistant County Prosecutor, argued the cause for the State, *Mr. J. Victor Carton,* County Prosecutor, on the brief.

The opinion of the court was delivered by

OLIPHANT, J.  Defendant appeals from a conviction of murder in the first degree returned against him in the Monmouth County Court, Law Division.  The verdict recommended imprisonment at hard labor for life and that sentence was imposed. *R. S.* 2:138–4.

As there is no contention that the verdict was against the weight of the evidence and the appeal is predicated solely on trial errors we do not deem it necessary to review the facts in detail.

Four points are made and argued as grounds for a reversal and we will deal with them *seriatim*.

It is first asserted the trial court erred in ruling upon the scope of the examination of a prospective juror.

■ A juror was called and defendant's counsel proceeded to examine him on his *voir dire*. After some questioning the following colloquy took place between counsel and the Court:

"Mr. Juska: I should like to pass further questioning at this time, your honor.

"The Court: Complete your questioning, Mr. Juska; I am not going to give you two examinations unless something develops during the course of the Prosecutor's examination that gives you the right to reexamine this witness.

"Mr. Juska: It is discretionary under the new rules—that's the reason I asked.

"The Court: The reason I am exercising my discretion in the fashion that I do is because you shouldn't have two bites out of it, so to speak.

"Mr. Juska: I am only doing what the rules provide and you understand that I have to do that in a case of this kind.

"The Court: Unless something new develops during the questioning of the Prosecutor I shall consider your examination complete.

"Mr. Juska: Alright, Sir. I understand under the new rule it won't be necessary for me to except at any time during this trial because the whole record goes up. The defendant will excuse Mr. Pearlman."

Counsel argues he was thus forced to peremptorily challenge the juror. The defense exercised all twenty of its peremptory challenges and then asked the Court for an additional one, which request was denied.

It is apparent the right to further questioning in the event something new was developed during the examination of the prospective juror by the State was reserved to the defendant. This was the orderly procedure to be pursued and it in no way "forced" the defense to challenge when it did.

A peremptory challenge may be interposed at any time in a capital case before the jury is sworn. This is so under the common law, the rules and the cases. *State v. Lyons,* 70 *N. J. L.* 635 *(E. & A.* 1904) ; *State v. Deliso,* 75 *N. J. L.* 808 *(E. & A.* 1908) ; *State v. Letter and DiCanio,* 4 *N. J. Misc.* 395; affirmed, 104 *N. J. L.* 188 *(E. & A.* 1927). *Rule* 2 :7–2 provides that all challenges shall be tried under the supervision of the court and that a peremptory challenge shall be made before the swearing of the juror. We can perceive no error.

Defendant's second point asserts that the defendant was deprived of his rights under *Rule* 2 :3–3 (a) and (b) governing the courts of this State. The argument seems to be that as the rule was not complied with, the statement or confession of the defendant should not have been admitted in evidence.

Section (a) of the rule provides in part that "A person making an arrest without a warrant shall take the arrested person, without unnecessary delay, before the nearest available magistrate. A complaint shall be filed forthwith and a warrant issued thereon." Section (b) provides: "The magistrate shall inform the defendant of the complaint against him, of his right to retain counsel and of his right to have a preliminary examination."

The crime was committed about 9 :30 P. M. on September 19, 1948, and about midnight the defendant was taken to the Asbury Park police headquarters where he was questioned. Sometime after this hour he was taken to Freehold where the questioning was continued for a short while and about 4:00 A. M. he was lodged in the Monmouth County jail. On the following day, September 20th, after lunch, the questioning was resumed and it ended in the defendant's arraignment between 3 :00 and 3 :30 P. M. of the same day in the county jail. In the afternoon of September 21st defendant's statement was taken by the Assistant Prosecutor, stenographically, in question and answer form and it was later transcribed and signed by him. At this time the defendant was fully advised of his rights.

It is undisputed that violence was not exhibited against the defendant nor were any threats of violence made. No such claim is made by the defendant. His complaint is that he was tired when he read the statement and before signing it, that he had been questioned for seven hours and had nothing to eat. He made no statement at any time of any threats or promises having been made or of any physical, mental or moral force having been used upon him. At the trial this question was asked of the defendant: "Nobody harmed you in any way, that is, any of the police officers?" The answer was: "No, they were all right with me." At the trial he testified that he had never told them anything other than what he was then testifying to. The only difference between what was said in the statement and his testimony at trial is that in the former, with respect to the gun used in the killing he said: "I am pretty sure it was my gun" while his testimony was "It looks like my gun but I'm not sure."

■ We do not condone the failure of the police and prosecuting authorities to adhere to the provisions of the rules and we emphatically disapprove of the arraignment of the defendant in the county jail. *Rule* 2:5–1 requires the arraignment to be conducted in open court. By this time the Prosecutors of the Pleas, their assistants, their detectives and the police should be sufficiently cognizant of the rules to observe them. But as we have said on several occasions violations of the provisions of procedural rules, standing alone, will not vitiate a statement of a defendant voluntarily made, which, without question, this was. *State v. Pierce,* 4 *N. J.* 252 (1950); *State v. Bunk, et al.,* 4 *N. J.* 461 (1950).

■ There is a further and persuasive reason why there was no error in admitting Schmieder's statement into evidence. When it was offered in evidence counsel for the defendant said: "If I could take time to read it I wouldn't object to the offer at all, but under the circumstances if Your Honor will give me two or three minutes I will read it." The Court then said: "The question at this time is whether or not the statement is a voluntary statement," and counsel replied, "No

objection." The Prosecutor then offered the statement and it was marked in evidence.

■ Counsel cannot speculate on the effect, legal or factual, of proffered testimony. He cannot fail to make an objection to its admission, lull the Court into a sense of security concerning its reception into evidence and then when the result is adverse claim error.

The third point briefed and argued is that the admission of defendant's statement into evidence was error in that it was violative of the due process clause of the Federal Constitution.

■ What has been said regarding defendant's second point applies with equal force here. He relies entirely on *State v. Cooper*, 2 *N. J.* 540 (1949), and *McNabb, et al., v. United States*, 318 *U. S.* 332, 87 *L. Ed.* 819, 63 *Sup. Ct.* 603. We dealt with both of those cases in *State v. Bunk, et al., supra,* and said as to the former:

" 'It cannot be doubted that a confession induced by physical or moral compulsion, whatever its nature, has no evidential efficacy' and we reaffirm that principle, but we also reaffirm the principle that a confession freely and voluntarily given and not induced by hope or fear or other consideration leading to the substitution of something else than the truth is admissible in evidence."

In the *McNabb case* the United States Supreme Court reviewed a conviction found in the federal court and it was expressly said there that while the power of the Supreme Court of the United States to review convictions in the state courts is limited to the enforcement of the fundamental principles of liberty and justice which are secured by the Fourteenth Amendment, the scope of the Court's reviewing power over convictions in the federal courts is not confined to ascertainment of constitutional validity. The failure to follow *Rule* 2:3–3 does not violate due process under the Fourteenth Amendment of the Federal Constitution. *State v. Bunk, et al., supra.*

Defendant's last point is that admission of defendant's statement into evidence was error because it contains evidence of past offenses.

The complained of matter in the statement is (1) that he "ran whiskey" during prohibition; (2) that on two occasions he hit the decedent and as the result of which he was convicted of assault and battery; (3) that he had also hit decedent's daughter; (4) that in 1926 he hit a man over the head with a hammer and that within a year of decedent's death he had been convicted of lewdness and indecent exposure.

■ The record indicates that the Court had not read the statement of defendant before its receipt into evidence. Defendant's counsel did read it and stated he had "No objection" to its introduction. Several courses were open to him. He could have objected, asked that portions of the statement he deemed objectionable be deleted, or submitted a request to charge the jury to disregard certain portions of the statement and to limit its effect. He did nothing and as a result there was no judicial action involved with respect to the statement. Under such circumstances there will be no reversal. *State v. Mosley*, 102 *N. J. L.* 94 (*E. & A.* 1925); *State v. Pierce, supra.*

At the time of the trial of this case in December, 1948, Rule 1:2–19(a) read, *inter alia*, as follows:

"\* \* \* error in the admission or rejection of testimony \* \* \* shall be cause for reversal if specific objection thereto was made and it appears from the entire record of the proceedings had upon the trial that the defendant thereby suffered manifest wrong or injury."

It was not until November 10, 1949, that the rule was amended by the addition of the following sentence:

"The court may, however, notice plain errors affecting substantial rights of the defendant, although they were not brought to the attention of the \* \* \* court."

■ It is not necessary to construe the rule as amended as it was not in effect at the time of this trial. On the urgings of his own counsel he testified to the larceny of a motor vehicle and of his arrest as the result of a shooting affray. He admitted he had been convicted of assault and battery.

As a general rule on the trial of a criminal charge it is neither competent nor relevant to show that the defendant has committed other crimes unconnected in any way with the one in question, *Bullock v. State,* 65 *N. J. L.* 557 (*E. & A.* 1900); *State v. Deliso, supra,* though it is fundamental conviction of crime may be shown to affect the credit of a witness.

In the instant case the alleged error complained of did not affect the defendant's substantial rights in view of his attitude and activity in the conduct of his defense with respect to the statement now challenged.

We find no error and the judgment of the Monmouth County Court is affirmed.

Heher, J., concurring in result.

*For affirmance*—Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.