37 N.J. Super. 197 (1955)
117 A.2d 168
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL ROSENBERG, DEFENDANT-APPELLANT, AND MARGARET BRANNICK, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1955.
Decided October 6, 1955.
*199 Before Judges CLAPP. JAYNE and FRANCIS.
Mr. Ralph L. Fusco, Deputy Attorney-General, Acting Passaic County Prosecutor, argued for the respondent.
Mr. J. Mortimer Rubenstein argued the cause for the appellant (Messrs. Saltzman, Rubenstein & Kosoff, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
The defendant Samuel Rosenberg was indicted for procuring for purposes of prostitution contrary to N.J.S. 2A:133-2. On the same day, the defendant Margaret *200 Brannick was indicted separately for offering and agreeing to receive certain named persons for the purposes of "prostitution, lewdness and assignation" in violation of the same statute. Both indictments arose out of the same set of circumstances and by consent they were tried together.
The jury found both defendants guilty. Rosenberg alone appeals, alleging error (1) in the denial of his motion for a severance, (2) in the charge of the court, and (3) in the denial of his motion for a judgment of acquittal on the ground of entrapment.
When the case was called for trial, a colloquy ensued between the court, the prosecutor and counsel for both defendants, Rosenberg and Brannick, in which it was stipulated that the indictments be tried at the same time. As far as the record shows, there was no inquiry by either defense counsel as to whether any statement or confession had been made by the other defendant inculpating his client.
In the course of the prosecutor's opening to the jury, it became perfectly plain that the State had a confession from the defendant Brannick which made inculpatory references to Rosenberg. Further, during this opening when the prosecutor mentioned some oral statements of Rosenberg, counsel for Brannick objected to them as not being binding on his client as they were not made in her presence. And the court at once advised the jury that such statements could not in any way be binding on her. Thus it may be said that at the very outset of the trial and before any proof was offered, all counsel were aware of this well settled rule and the way in which it would undoubtedly be applied.
In presenting its case, the State produced a voluntary confession of Margaret Brannick, which had been given in question and answer form in the presence of Rosenberg, who signed it as a witness. The prosecutor proved that not only did Rosenberg refuse to make a statement himself, but also that at the conclusion of the taking of the Brannick confession, when asked if what she had said was true, he denied it. The confession was admitted in evidence after both the court and the prosecutor had recognized the validity of the *201 objection that it was in no way binding on Rosenberg. The court said that "the statement can only be binding upon the person who signed it" and he instructed the jury "to disregard any statement or any mention in the statement about Mr. Rosenberg, and it may not be used to infer any guilt as far as this charge is concerned." Whereupon the prosecutor said: "I agree, sir," and Rosenberg's attorney said: "That is the law."
The confession was then read to the jury and at the conclusion of the reading, the prosecutor added to what he had already said:
"Mr. Diamond: Your Honor please, before I proceed may I again emphasize the fact that I heartily agree with your Honor's ruling that this applies to the defendant Brannick, and while the entire statement is admissible, there are statements in here referring to the defendant Rosenberg, and in fairness to all concerned, the jury, I would like to emphasize that this goes as to the defendant Brannick only."
The Court: I so instructed the jury."
The confession contained some allusions to the fact that Rosenberg and Brannick had been engaging in sexual relations with each other for a number of years. This portion could have been deleted on motion. State v. Schmieder, 5 N.J. 40, 47 (1950). Apparently, however, counsel was satisfied with the court's instructions limiting the probative force of the entire Brannick statement to her alone.
Later in the course of the charge the jury was again instructed that as to Rosenberg the Brannick confession must be entirely disregarded.
On other occasions during the trial, and particularly during the testimony of the investigators for the Division of Alcoholic Beverage Control, who brought about the prosecution, evidence was offered of statements or conversations with each of the defendants out of the presence of the other. Whenever objection was made, the court again specifically limited the effect thereof to the proper defendant. In fact, on at least seven occasions the court advised the jury on this subject.
*202 At the close of the case, after all of the proof for the State and both of the defendants had been introduced, Rosenberg moved for a severance because he claimed that the Brannick statement was so prejudicial to him that he could not get a fair trial from the jury. The motion was denied on the ground that it came too late and because of the possibility of a contention by Rosenberg at a subsequent retrial that under the recent case of State v. Locklear, 16 N.J. 232 (1954), a defense of double jeopardy might be interposed.
The Locklear case is not pertinent because there a mistrial was ordered on the application of the State over the objection and without the consent of the defendant after he had testified and his defense had been fully disclosed. Here the severance or mistrial would have been brought about on Rosenberg's motion and of course with his consent.
The granting of a motion for a severance is discretionary with the trial court. R.R. 3:5-7. The rule is declaratory of the long settled practice in this State. State v. Rios, 17 N.J. 572, 584 (1955). Denial of such a motion would not be reversed in the absence of a clear showing of mistaken exercise of discretion. No error of that character is discernible in this record.
Rosenberg's counsel consented to the joint trial. Inquiry of the prosecutor or of the co-defendant's counsel prior to the making of the stipulation undoubtedly would have revealed the existence of the confession. Rosenberg himself having witnessed the document, knew of it. It is unlikely that he would have withheld the information if his attorney had asked about it.
In any event, as soon as the trial opened it became evident that the State had the confession and no one could possibly believe that Rosenberg was not mentioned in it. However, no severance was sought. When it was introduced in evidence and the jury advised that it could not be considered at all on the subject of Rosenberg's guilt, counsel seemed satisfied, although at this time all of the sordid details of the affair, including some other conversations with the defendant Brannick *203 out of Rosenberg's presence, had been proven. In any event, no motion for severance was made then.
Finally, after the case had closed and counsel for Rosenberg had tried to have the confession excluded from the jury room, severance was applied for.
At that time, under the circumstances presented, we agree with the trial court that the motion came too late. A defendant cannot speculate on the course of a trial, sit back while all of the proof is introduced, gauging its damaging force as to him, and then just before summation seek to avoid the consequences of his acquiescence by moving for a severance.
The fact that one defendant's confession inculpates his co-defendant provides no legal basis for a mandatory severance where the trial court has properly limited the area of its use during the course of the trial and in his charge to the jury. State v. Rios, supra, 17 N.J., at page 585; State v. Dolbow, 117 N.J.L. 560, 563 (E. & A. 1937), appeal dismissed per curiam 301 U.S. 669, 57 S.Ct. 943, 81 L.Ed. 1334 (1937).
Rosenberg urges further that on the facts his defense of entrapment should have prevailed.
The proof discloses that some time prior to the date in the indictments, a complaint had been received by the State Division of Alcoholic Beverage Control about the tavern known as "Three O'Clock Club" at 176 Paterson Street, Paterson. In describing the complaint, one of the investigators assigned to look into the matter said that it concerned the actions of female patrons and was more serious than the solicitation of drinks.
Two investigators visited the premises on a number of evenings between April 21 and May 14, 1954, when the offense charged in the indictments took place. Rosenberg was a regular patron of the place and a part-time bartender there. They became friendly with him and drank with him on some of the evenings.
Without detailing all of the circumstances, evidence was adduced from which the jury could justifiably find that *204 Rosenberg introduced the subject of sexual relations, offered to produce two women for the purpose, and did in fact produce the defendant Brannick on May 14 for that purpose. Financial arrangements were made with her and she was given identifiable currency. On leaving the tavern for the place of assignation, they were intercepted by other Alcoholic Beverage Control agents and a detective of the Paterson Police Department.
The trial court declared that entrapment was a jury question and he charged on the subject. No objection was made to his definition of the nature and essentials of the defense. We agree that it was proper to deny the motion for judgment of acquittal and that the issue was one for determination by the fact finders.
Only a few cases in New Jersey have dealt with entrapment and they contain no specific definition of the defense. State v. Dougherty, 86 N.J.L. 525 (Sup. Ct. 1915), reversed 88 N.J.L. 209 (E. & A. 1915); State v. Contarino, 91 N.J.L. 103 (Sup. Ct. 1918), affirmed 92 N.J.L. 381 (E. & A. 1918).
Generally, it may be said that where a police officer "envisages a crime, plans it, and activates its commission by one not theretofore intending its perpetration" for the purpose of providing a victim for prosecution, the defense is available. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Butts v. United States, 273 F. 35 (8th Cir., 1921). However, a distinction must be recognized between the situation where the criminal intent or design originates in the mind of the officer for the purpose of luring or entrapping the accused into commission of the offense which otherwise he would not have committed, and where such intent has its inception in the mind of the accused and the officer acting in good faith in the pursuit of his duties merely furnishes opportunities or facilities for, or aids or encourages the accused in the commission of the offense. State v. Marquardt, 139 Conn. 1, 89 A.2d 219 (Sup. Ct. Err. 1952); 22 C.J.S., Criminal Law, § 45 (1940); Annotation, 86 A.L.R. 264 (1933); 1 Wharton, *205 Criminal Law (12th ed. 1932), § 390, n. 3; Annotation, 18 A.L.R. 146 (1922). In the latter instance there is no entrapment.
In this case, the evidence obviously supported a finding by the jury that the investigators acting on a reasonable belief that the law was being violated at this tavern simply provided encouragement and opportunity for Rosenberg to put into effect his existing criminal intent.
A portion of the charge to the jury is criticized. However, it requires no discussion. The challenged language is factually accurate. Moreover, it is taken out of context. Considered in its full perspective, no error appears. And in any event no objection thereto was noted. State v. Picciotti, 12 N.J. 205 (1953); R.R. 1:5-1(a).
The judgment is affirmed.