STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM JOSEPH SCHRIER, DEFENDANT-APPELLANT.

Argued May 4, 1959—Decided June 26, 1959.

*Mr. Bernard Hellring* argued the cause for the appellant (*Mr. Leonard Lieberman,* on the brief).

*Mr. John F. Crane* argued the cause for the respondent (*Mr. Brendan T. Byrne,* Acting Essex County Prosecutor, attorney; *Mr. Marlin J. Loftus,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

JACOBS, J.   The defendant appealed to the Appellate Division from the judgment of the Essex County Court entered pursuant to its opinion in *State v. Schrier,* 51 *N. J. Super.* 81 (1958); we certified the matter on our own motion.   See *R. R.* 1:10–1(*a*).

On October 31, 1957 a complaint was filed in the Municipal Court of the City of Newark charging that the defendant did "unlawfully sell a hypodermic needle to one Detective Carter Saunders" in violation of *N. J. S.* 2*A*:170–77.3.   The defendant appeared, was represented by

counsel, and entered a plea of *non vult*. On November 18, 1957 the defendant was adjudged guilty on his plea, was fined $1,000 which he paid, and received a suspended jail sentence of 90 days. On November 27, 1957 the defendant, appearing by other counsel, applied in the municipal court to withdraw his plea, but his application was denied. Immediately thereafter he applied in the municipal court to have his sentence reduced, but this application was also denied. He appealed to the County Court from the judgment which adjudged him guilty and sentenced him and thereafter appealed from the order which refused to grant him leave to withdraw his plea of *non vult*. The County Court affirmed the denial of his application for leave to withdraw his plea, rejected his attack on the complaint as failing to allege any offense, and denied his request for a trial *de novo* on the issue of guilt.

Although the record before us discloses that the defendant applied in the municipal court for leave to withdraw his plea, it contains no affidavits or other materials indicating what, if anything, was submitted in the municipal court to support his application. The defendant does not now assert that he did not make the sale referred to in the complaint nor does he now deny that his plea was made voluntarily and with full understanding of the charge against him. See *R. R.* 8 :4–3; *R. R.* 3 :5–2. Instead he refers vaguely to the defense of entrapment, although there is nothing in the record which suggests a case of entrapment in its true legal sense (*State v. Dougherty,* 86 *N. J. L.* 525, 532 (*Sup. Ct.* 1915), reversed 88 *N. J. L.* 209 (*E. & A.* 1915) ; *State v. Rosenberg,* 37 *N. J. Super.* 197, 204 (*App. Div.* 1955), certification denied 20 *N. J.* 303 (1956)), and he attacks the complaint on the ground that it does not charge any offense. We assume that the attack on the complaint on the stated ground is now available to the defendant (*Waters v. Court of Special Sessions,* 132 *N. J. L.* 44, 45 (*Sup. Ct.* 1944) ; *cf. State v. Hintenberger,* 41 *N. J. Super.* 597, 605 (*App. Div.* 1956), certification denied 23 *N. J.* 57 (1956) ;

*State v. Terwilliger,* 49 *N. J. Super.* 149, 154 (*App. Div.* 1958)), but find it to be without foundation.

The statute (*N. J. S.* 2A:170–77.3) provides that no person shall, without prescription, sell a hypodermic needle to any person other than "* * * a hospital, sanitarium, clinical laboratory or any other medical institution or a State or governmental agency, or a regular dealer in medical, dental or surgical supplies * * *." The defendant contends that the person to whom he sold the hypodermic needle "was a law enforcement officer and consequently a person within the permitted category of sale as prescribed by the statute." We consider that this contention lacks merit. The statute properly seeks to reduce the illegal use of narcotics and restricts the sale of hypodermic needles to sales by prescription except where they are purchased by designated authorized individuals and agencies who normally use them for legitimate purposes; it obviously does not authorize the sale, without prescription, of hypodermic needles to detectives and other law officers charged with the responsibility of enforcing the restrictive provisions of the statute. The defendant does not suggest that in making the purchase Detective Carter Saunders was acting other than as a law enforcement officer actually engaged in checking compliance with the provisions of *N. J. S.* 2A:170–77.3.

We agree with the County Court's affirmance of the denial of leave to withdraw the plea of *non vult* (see *State v. Nicastro,* 41 *N. J. Super.* 484 (*Cty. Ct.* 1956)) and its rejection of the defendant's attack on the complaint. And for the reasons this day expressed in *State v. Mull,* 30 *N. J.* 231 (1959), we find that it properly denied his request for a trial *de novo* on the issue of guilt although, as there directed, it should have re-sentenced the defendant within the limits prescribed by law. To that end the judgment of the Essex County Court is:

Modified and the cause is remanded to it for further proceedings in accordance with this opinion.

*For modification*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*Opposed*—None.