72 N.J. Super. 247 (1962)
178 A.2d 233
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH J. BRUCE, JR., DEFENDANT-APPELLANT.
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RICHARD KIRK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1961.
Decided February 15, 1962.
*248 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. C. William Caruso, Assistant Prosecutor argued the cause for respondent (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney; Mr. Caruso, of counsel and on the brief).
Mr. Joseph S. Slowinski argued the cause for appellant Bruce.
Mr. Robert Silver argued the cause for appellant Kirk.
The opinion of the court was delivered by LEONARD, J.S.C. (temporarily assigned).
Defendants Richard Kirk and Joseph Bruce were jointly tried in the County Court and convicted of rape.
*249 On the evening of September 25, 1958 complaining witnesses Carol Ann Kierspel (Carol) and Mary Ann Venezzio (Mary), defendants Kirk and Bruce, and one Jack Foley rode in Carol's automobile from Newark to Cliffside, there attended a motorcycle club meeting and then returned to Newark. Thereafter Foley drove the automobile, with the other four therein, to the Port Newark area where he "jumped the curb" and drove some 400 feet into the meadows adjacent to the Newark Airport.
Carol testified that Foley then took Mary for a walk and defendant Kirk, who was seated in the front of the automobile, jumped to the rear and forcibly assaulted her (Carol) while defendant Bruce held her. Mary related that when she and Foley returned, Carol and Foley went for a walk and while she (Mary) was standing by the automobile, defendant Bruce grabbed her arm and forced her into the back seat where she was forcibly assaulted by both defendants, one assaulting her while the other restrained her. Defendant Kirk admitted that he had sexual intercourse with both girls and defendant Bruce admitted he had such intercourse with one, but both contended these acts were performed with the girls' consent. In support of this contention Bruce testified that about three months before the incident herein he, Kirk, Mary and others made a week-end trip to Laconia, New Hampshire, during which he (Bruce) "spent a night in bed with Mary" and had sexual intercourse with her. While Mary admitted making this trip, she denied the balance of these accusations. Considerable testimony was offered on behalf of defendants and on behalf of State with reference to this trip which, in view of our determination herein, we find unnecessary to detail.
Foley was jointly indicted and tried with defendants upon the theory that he aided and abetted them, but he was acquitted by the jury.
About five months after the incident Foley, upon apprehension by the police, gave them a written statement in narrative form. Therein he denied intercourse with either *250 girl, admitted he drove the car into the meadows, but stated he "would not have come" had he known they were "going to do anything like that to them."
At the trial the State offered Foley's statement into evidence. Counsel for defendants Kirk and Bruce objected thereto on the ground it "contained double hearsay in that Foley related damaging and prejudicial statements made to him by an alleged victim out of the presence of the other defendants." They also requested that this portion of the statement be deleted. The objection was overruled, the request denied and the statement admitted in evidence. At the time of the admission and later in its charge, the court instructed the jury that Foley's statement "is binding and evidential only against him"; "The statement * * * is to be completely disregarded and not to be considered by you as proof in the case against the defendants * * * Kirk and * * * Bruce"; "* * * the statement is evidential only against the person who made the statement and that person is the defendant * * * Foley * * *."
Counsel for defendants now urge that:
"The trial court committed prejudicial error in refusing to delete from a co-defendant's written statement admitted into evidence certain damaging hearsay within hearsay statements with the result that the hearsay statements, despite limiting instructions, were ultimately used directly and substantively against the other co-defendants."
The challenged portions of Foley's statement are as follows:
"After we [Foley and Carol Ann Kierspel] got away from the car I laid down in the grass. Carol Ann Kierspel then said that Richard Kirk and Joseph Bruce were like animals. At first she would not tell me anything. Then she said they were brutes and that `they had taken it off her' meaning that they had relations.
Also later on when I took Carol Ann Kierspel for a walk and she told me that they had forced her to have sexual relations with them." (Italics ours)
*251 The "use" that defendants complain was prejudicial was the following references to "animals" or "brutes" in the prosecutor's summation:
"So, examining that particular point, if Carol Kierspel [sic] was in Laconia and if Kirk was in Laconia, what happened? Absolutely nothing. And if nothing happened in Laconia in the spring of 1958 under those conditions, which the defendants themselves had painted as so convivial and so party-like, what's going to change that girl's mind in the Newark meadows at 1 o'clock in the morning with men that she described to the defendant Foley as brutes and animals?"
* * * It's something that can only happen once, and God only knows society places a high price on a girl's virginity and every husband on his wedding bed looks to find it, and you can dig back into your own experiences and find what it might be for any virgin to lose her virginity, even to the man she loves, but when you have her lose it in the meadows to men she describes as brutes and animals, how can we explain her reaction? How can we expect to give every detail? * * *" (Italics ours)
While the trial court's cautionary instructions with reference to the Foley statement were proper, State v. Murray, 33 N.J. 393, 397 (1960), the motion to delete the challenged portion thereof should have been granted. State v. Marchand, 31 N.J. 223, 231 (1959); State v. Rosenberg, 37 N.J. Super. 197, 201 (App. Div. 1955); State v. Schmieder, 5 N.J. 40, 47 (1950). Under the circumstances here present, the accusatory statements made by the complaining witness out of the presence of defendants were inadmissible. State v. Thomas, 11 N.J. Misc. 157, 159, 165 A. 101 (Sup. Ct. 1933), affirmed per curiam 111 N.J.L. 239 (E. & A. 1933).
The question thus presented is  Was the court's refusal to grant said motion prejudicial? In determining the answer thereto, consideration must be given to the above quoted portions of the prosecutor's summation.
The words "animals" and "brutes" were not a part of the testimony of any witness. The only reference thereto is in the challenged portion of Foley's statement. The trial court ruled the entire statement was not evidential *252 against defendants and so instructed the jury. Therefore, the above quoted words were outside the evidence and the reference thereto in the summation was improper. State v. Bogen, 13 N.J. 137, 139 (1953). Prosecutors, in their summations, may discuss only the facts shown or reasonably suggested by the evidence. State v. Johnson, 31 N.J. 489, 510 (1960). The use of these words by the prosecutor was not a proper discussion by way of "comment, denunciation or appeal." Johnson, supra, p. 510.
While every departure from the facts and reasonable inferences does not necessarily call for a reversal, particular remarks must be appraised in the setting of the whole trial. In so doing, we cannot disregard the connotation of the two words per se, their repeated use in the summation in violation of the court's previous instructions, and the manner in which they were used. Thus viewed, prejudice is manifest. R.R. 1:5-1(a). Although defense counsel did not object to the use of these words during the summation or thereafter, they originally did object thereto and did move for their excision from the statement. Under these circumstances, we conclude the aforesaid prejudice mandates reversal and remand to the county court for a new trial.
This conclusion makes it unnecessary for us to determine the other points raised by defendants-appellants.
So ordered.