STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL QUINN AND HARRY SCHWARTZ, PLAINTIFFS IN ERROR.

Submitted October 16, 1931—Decided February 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the state, *Clifford A. Baldwin,* prosecutor.

For the plaintiffs in error, *Walter S. Keown.*

The opinion of the court was delivered by

CASE, J.   The plaintiffs in error, Michael Quinn and Harry Schwartz, were separately indicted for carrying deadly

weapons. By consent the indictments were tried together. The indictments were amended during the trial. The defendants were both convicted and come up on strict writ of error. The cases are before us as one.

Each of the indictments contained three counts. The first count charged that the accused "unlawfully did carry and possess certain dangerous, offensive and deadly weapons and instruments, to wit, one shotgun and one revolver, carried in or about his clothes or on his person." The second charged that the accused "unlawfully did carry and possess certain dangerous, offensive and deadly weapons and instruments, to wit, one shotgun and one revolver, carried in and about his clothes." The third charged that the accused "unlawfully did carry and possess certain dangerous, offensive and deadly weapons and instruments, to wit, a revolver and one shotgun carried in and about his person."

No question was raised concerning the indictments until, at the close of the state's main case, the prosecutor moved to amend the indictments by substituting the word "conceal" for the word "carried" wherever the latter occurred in the several counts. Against the objection of the defendants, and with exception allowed, the court granted the amendment. It is contended on behalf of Quinn and Schwartz that that was error.

The prosecutor concedes that the crime for which the defendants were convicted is purely statutory and that the indictments, both as originally found, and as subsequently amended, are based upon chapter 96, *Pamph. L.* 1927, *p.* 183, *Pamph. L.* 1924, to the Crimes act, chapter 235, *Pamph. L.* 1898. He suggests no other statutory authority. The amendatory act provides that "any person who shall carry any revolver, pistol or other firearm * * * concealed in or about his clothes or person * * * shall be guilty of a misdemeanor."

The statutory provisions relating to amendments of indictments by the trial court are to be found in sections 34 and 44 of the Criminal Procedure act ("An act relating to courts having criminal jurisdiction and regulating proceed-

ings in criminal cases—Revision of 1898"). 2 *Comp. Stat.*, *p.* 1820. We consider that section 34 is inapplicable. Section 44 provides as follows:

"Every objection to any indictment, for any defect of form or substance apparent on the face thereof, shall be taken, by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards; and every court before which any such objection shall be taken for any such defect, or before whom any person may be tried, may, if it be thought necessary, cause the indictment to be forthwith amended in any particular by some officer of the court or other person, and thereupon the trial shall proceed as if no such defect had appeared, or be postponed at the discretion of such court as hereinbefore provided in case of amendment for variance."

Justification for the court action must be found, if at all, in the words "* * * every court * * * before whom any person may be tried may, if it be thought necessary, cause the indictment to be forthwith amended in any particular * * *" and upon the assumption that such an amendment need not be made before the swearing of the jury.

But it has been held that an indictment may not be so amended as to charge a crime where none was charged before. *State* v. *Twining*, 71 *N. J. L.* 388; *State* v. *Startup*, 39 *Id.* 423. It was further held in *State* v. *Gratz*, 86 *Id.* 482, construing chapter 225 (*Pamph. L.* 1912), in which the pertinent language is almost identical, that the words "concealed about his person" so qualified the carrying of weapons that, in order to secure a conviction for carrying any of the weapons enumerated, it was necessary to show that they were concealed, and the judgment of conviction was reversed on the assumption that the jury took the language of the trial court to mean that the mere carrying of the weapon, even if displayed, was sufficient to require a conviction. "Carried in or about his clothes or on his person" has a significance quite different from "concealed in or about his clothes or on his person." We conceive that either a shotgun or a revolver could without difficulty be so carried either in one's clothes or on his person as to be plainly seen. The mere carrying of a weapon without concealment is not a violation of the statute.

It is argued on behalf of the state that the words of the indictment "carried in his clothes" are sufficient to import accusation of concealment. Clearly, however, the prosecutor apprehended at the trial that no crime was charged in the indictment found by the grand jury. This view was shared by the court. The amendment was moved and allowed because of the progress that had been made in the trial and to save time. Those reasons do not justify depriving a defendant of his constitutional rights. With certain irrelevant exceptions it is given to every person that he shall not "be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury." *State Constitution, art.* 1, *par.* 1; *State* v. *Flynn,* 76 *N. J. L.* 473, 477.

Our conclusion is that the indictment found by the grand jury did not charge a crime, that the court below so amended the indictment as to cause it to charge a crime, and that in doing this the court erred.

The prosecutor contends that the defendants, inasmuch as they did not question the sufficiency of the indictment in its original form before the jury was sworn, are, by section 44 of the Criminal Procedure act, *supra,* precluded from ever after arguing thereon and should not be so heard now; in other words, that the defendants may not advance their present argument because it involves a challenge to the sufficiency of the grand jury action. But that contention is more specious than convincing. The state may not, by its own act, deprive a defendant of his constitutional rights. It is profitless to speculate upon what might have happened if the amendment had not been made as and when it was. The motion was due to no incident that has arisen in the course of the trial. It was in no way provoked by the defense. It was advanced by the prosecutor, on his own initiative, to do that which our courts, construing the constitution, have said may not be done, namely, amend an indictment in such fashion as to charge a crime where none was charged before. The statute on amendments was not intended to have, and has not, the effect of estopping an accused person in such an instance.

Plaintiffs in error also assign "that the Court of Quarter Sessions erred in permitting the state to question the defendants, Michael Quinn and Harry Schwartz, as to the number of convictions, nature of said convictions, and punishment meted out under said convictions after the said defendants had admitted being convicted of a crime to the great injury of the defendants and whereby said defendants were prejudiced in maintaining their defense upon the merits in the case." This language is too general to serve its purpose. It does not give the detailed information which is essential in an assignment of error. *State* v. *Schultz,* 2 *N. J. Mis. R.* 1027. The proper practice is to draw assignments of error based on exceptions in strict conformity to the exceptions. Where the objection is to the admission or rejection of evidence it should point out the precise evidence which was erroneously admitted and the precise offer which was erroneously rejected. *State* v. *Blaine,* 104 *N. J. L.* 325; *State* v. *Herron,* 77 *Id.* 523.

For the reason first above given our conclusion is that the judgment below should be reversed and the cause remanded for a new trial.