28 N.J. Super. 231 (1953)
100 A.2d 496
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT TUMBIOLO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 2, 1953.
Decided November 9, 1953.
*233 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Albert Tumbiolo, pro se.
Mr. Donald G. Collester, County Prosecutor of Passaic County, attorney for respondent.
The opinion of the court was delivered by EWART, J.A.D.
Defendant Albert Tumbiolo, now confined in State Prison, appeals from corrected sentences imposed upon him by the Passaic County Court on June 26, 1953.
He has filed an original brief and also a reply brief, but has ignored his obligation under the rules to supply the court with an appendix containing records of the proceedings *234 below necessary for this court to pass upon the appeal. The appeal might be dismissed for defendant's failure to comply with the rules. However, we have obtained certified copies of the indictments, together with a transcript of the court proceedings at the time the sentences were imposed upon the defendant, and we will dispose of the matter on its merits.
On November 15, 1949 the Passaic County Grand Jury found three indictments against the defendant, numbered respectively 513, 514 and 515.
Indictment No. 513 charged the defendant, along with others therein named, with having conspired on October 24, 1949 to commit a crime, viz., to commit an assault upon Eugene Lamont Pometti in the latter's residence at Paterson, N.J. and to steal and carry away by force from the person of the said Pometti money and personal property, contrary to the provisions of R.S. 2:119-1 and R.S. 2:166-1.
Indictment No. 514 charged that the defendant and others therein named did on October 28, 1949 commit an assault upon the person of the said Pometti in the latter's home in the City of Paterson and did forcibly steal and take from the person of the said Pometti $52 in currency and two diamond rings, of the aggregate value of $2,552, and the said indictment No. 514 further charged that the defendant was then and there armed with and had in his possession a certain firearm, to wit, a revolver, in violation of R.S. 2:166-1 and R.S. 2:176-5.
Indictment No. 515 charged that the defendant on October 28, 1949 in the City of Paterson did unlawfully carry concealed on and about his person and clothes a certain firearm, to wit, a revolver, without having first obtained a requisite permit to carry the same, in violation of R.S. 2:176-41.
Defendant was arraigned on these charges November 17, 1949, was represented by counsel, and entered pleas of not guilty to each of the three indictments.
January 9, 1950 defendant was brought into court, was represented by counsel, retracted his plea of not guilty to indictment No. 514 and entered a plea of non vult. February *235 3, 1950 was set as the date for the imposition of sentence.
February 3, 1950 the court imposed upon defendant on indictment No. 514, to which he had pleaded non vult, a sentence of not more than 20 years and not less than 15 years in State Prison.
On the same date defendant retracted his pleas of not guilty to indictments Nos. 513 and 515 and entered pleas of non vult as to each indictment, and the court then imposed upon him a sentence of not more than three nor less than one year in State Prison on each of the two indictments last named, the sentences to run concurrently with the sentence imposed on indictment No. 514.
On or about October 16, 1952 defendant addressed a communication to the Judge of the Passaic County Court who had imposed the sentences upon him requesting a correction of an alleged illegal sentence in that the court had improperly lumped together the sentences on indictment No. 514 for a violation of R.S. 2:166-1 and R.S. 2:176-5. As a result of that communication, defendant was again brought before the Passaic County Court on June 26, 1953 pursuant to Rule 2:7-13 (R.R. 3:7-13) and re-sentenced as follows:
On indictment No. 514 the court imposed a sentence of not more than 15 nor less than 14 years in State Prison for violation of R.S. 2:166-1 and an additional sentence under R.S. 2:176-5 of not more than five nor less than one year, to run consecutively with the first sentence above mentioned.
On indictment No. 513 the court imposed a sentence of not more than three nor less than one year in State Prison, to run concurrently with the sentence imposed under indictment No. 514.
On indictment No. 515 the court imposed a sentence of not more than three nor less than one year, to run concurrently with the sentence imposed under indictment No. 514.
On this appeal defendant contends: (1) that the original sentence imposed upon him under indictment No. 514 on February 3, 1950 of not more than 20 nor less than 15 years was for a violation of the provisions of R.S. 2:166-1; *236 that nothing was said about a further punishment being imposed for violation of R.S. 2:176-5; that it was only upon being re-sentenced on June 26, 1953 that he learned that the court had originally intended the sentence under indictment No. 514 to cover both violations of R.S. 2:166-1 and of R.S. 2:176-5, to run consecutively, and that the court had no right on June 26, 1953 in imposing a corrected sentence, to sentence him to a maximum of more than 15 years, and (2) that although he pleaded non vult to indictment No. 515 charging him with carrying concealed weapons, nevertheless that offense was necessarily included in indictment No. 514 which dealt with the commission of a robbery while armed with a revolver and that, therefore, he has been subjected to double jeopardy in violation of his constitutional rights; that he has now completed service of the one- to three-year sentence imposed for carrying concealed weapons under indictment No. 515, which sentence was to run concurrently with the longer sentence imposed under indictment No. 514; and that, therefore, the court had no right on re-sentencing him under indictment No. 514 to impose a further penalty of from one to five years under R.S. 2:176-5 because he had already completed the service of his sentence imposed for carrying concealed weapons under indictment No. 515. Thus he claims he was subjected to double jeopardy contrary to the law enunciated in State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833).
We deal with these contentions of defendant as follows:
First, with respect to the original sentence of not less than 15 nor more than 20 years imposed upon defendant under indictment No. 514: R.S. 2:166-1 named in indictment No. 514 and to which defendant pleaded non vult, authorizes the imposition of a fine or imprisonment not exceeding 15 years, or both. And R.S. 2:176-5, likewise named in indictment No. 514, provides in substance that a person who shall commit a robbery or larceny "when armed with or having in his possession any revolver, * * * shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more *237 than 5 years; * * *," but that "no such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon." Indictment No. 514 against the defendant and two others, after charging the defendants with the crime denounced in R.S. 2:166-1, concludes with the statement, under R.S. 2:176-5, that:
"* * * the said Albert Tumbiolo, Richard Avellino and Joseph Di Serio then and there being armed with, and having in their possession, a certain firearm, to wit, a revolver, contrary to the provisions of R.S. 2:166-1 and 2:176-5, and against the peace of this State, the government and dignity of the same."
Thus it will appear that the indictment did contain the averment, as required by the statute, that the defendant was armed with or had in his possession at the time of the commission of the robbery, a weapon, to wit, a revolver.
The court could have imposed a maximum sentence of 15 years under R.S. 2:166-1 and a maximum sentence of five years under R.S. 2:176-5. Actually the court lumped the sentences and imposed under indictment No. 514 a sentence of not less than 15 nor more than 20 years.
Upon defendant's assertion that the sentence under indictment No. 514 was illegal and his application that it be corrected, the sentencing court, conceding that the sentences had been illegally lumped (In re Fitzpatrick, 9 N.J. Super. 511 (Cty. Ct. 1950), affirmed 14 N.J. Super. 213 (App. Div. 1951), and In re Domako, 9 N.J. 443 (1952)), under the authority of Rule 2:7-13 (now R.R. 3:7-13) corrected the earlier sentence on June 26, 1953 by re-sentencing defendant under indictment No. 514 to a term in State Prison of not less than 14 nor more than 15 years for violation of R.S. 2:166-1, and an additional sentence under R.S. 2:176-5 of not less than one nor more than five years, the latter sentence to run consecutively with the first above mentioned. Thus the re-sentence did not increase the punishment imposed by the original sentence under indictment No. 514, but separated it into two parts. The court acted entirely *238 within its authority in imposing this re-sentence under Rule 2:7-13 (R.R. 3:7-13), and see State v. Weeks, 6 N.J. Super. 395 (App. Div. 1950). There is no legal merit to the contention of the defendant in respect to the matters mentioned above.
Secondly, with respect to defendant's contention that he has been subjected to double jeopardy in violation of his constitutional rights as above set forth: In State v. Labato, 7 N.J. 137 (1951), the rule was laid down that the true test of former jeopardy is whether the evidence necessary to sustain a conviction under the second indictment would have been sufficient to secure a legal conviction on the first indictment. Indictment No. 514, to which the defendant pleaded non vult, charged the defendant with forcibly stealing and taking from the person of one Pometti certain personal property, the defendant then and there being armed with and having in his possession a certain firearm, to wit, a revolver. Indictment No. 515 charged the defendant with unlawfully carrying concealed on and about his person a certain firearm, to wit, a revolver. The factual statement contained in the State's brief indicates that prior to the commission of the robbery charged under indictment No. 514, defendant had ridden about in an automobile with a revolver concealed in his pocket and that when he committed the robbery charged in indictment No. 514, he had the revolver in his hand exposed to view with which to terrify and subdue the victim Pometti. In any event, it would seem entirely clear that a person could be convicted of robbery while armed with a weapon on facts which would not sustain a conviction for carrying a concealed weapon. Proof that the defendant carried a revolver in his pocket prior to entering the home of his victim Pometti, as charged in indictment No. 515, would not have sufficed to sustain a conviction under indictment No. 514 of having committed a robbery in the home of Pometti while armed with a revolver.
Furthermore, it is to be noted that the defendant never entered a formal plea of autrefois convict under indictment *239 No. 515 charging the carrying of concealed weapons. On the contrary, he retracted an earlier plea of not guilty and pleaded non vult. It is well established in this State that the only method of taking advantage of a defense of former jeopardy is by a written plea of autrefois acquit or convict. The objection cannot be raised under a plea of not guilty or a plea of non vult. State v. Ackerman, 64 N.J.L. 99 (Sup. Ct. 1899); In re Hall, 94 N.J. Eq. 108 (Ch. 1922); State v. Dragone, 99 N.J.L. 144 (E. & A. 1923). And where a plea of former jeopardy is not entered in writing, it is waived. In re Hall, supra; State v. Dragone, supra.
Finally, an application to correct an illegal sentence under R.R. 3:7-13 (formerly Rule 2:7-13) contemplates only the correction of an illegal sentence and does not extend to or give a defendant the right to attack the validity of the judgment on other grounds such, for example, as a claim that he was subjected to double jeopardy under indictment No. 515.
Finding no error in the corrected sentence imposed upon the defendant on June 26, 1953, defendant's appeal will be dismissed and the judgment represented by the corrected sentences affirmed.