41 N.J. Super. 315 (1956)
125 A.2d 157
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS STEPHENSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 30, 1956.
Decided August 24, 1956.
*317 Before Judges McGEEHAN, SCHETTINO and HAND.
Mr. Harold J. Brown argued the cause for appellant (Messrs. Joyce and Brown, attorneys; Mrs. Rosemary Higgins Cass, on the brief).
Mr. Robert Dilts argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney; Mr. William C. Brudnick, on the brief).
The opinion of the court was delivered by McGEEHAN, J.S.C. (temporarily assigned).
In September 1955 the defendant-appellant moved before the Bergen County Court, Law Division, for the correction of two alleged illegal sentences imposed on June 29, 1942, and the present appeal is from the order entered on this motion.
On June 29, 1942 the defendant, represented by counsel, waived indictment and trial by jury at a hearing in the Second District Criminal Court of Bergen County. He was arraigned before the Bergen County Special Sessions Court on July 8, 1942, and pleaded non vult to the charges alleged against him in five numbered accusations, reading as follows:
No. 14949  "did wilfully, feloniously and forcibly take from the person of one Frank Perry, certain goods and chattels, to wit: Currency, of the value of Thirty-six Dollars, lawful money of the United States of America, the goods and chattels of the Frank Perry Time Market, by putting him, the said Frank Perry, in fear, in violation of Title 2, Chapter 166, Section 1 of the Revised Statutes of 1937, against the peace of the State, the Government and dignity of the same."
*318 "The Prosecutor of the Pleas of said County of Bergen further alleges that the said Thomas Stephenson, alias James Chester, and Frank E. Osback, Jr., on the eighth day of June, in the year of our Lord One thousand nine hundred and forty-two, at the Borough of Rutherford, in the said County of Bergen and within the jurisdiction of this court, did, being then and there armed with revolvers, wilfully, feloniously and forcibly take from the person of one Frank Perry, certain goods and chattels, to wit: Currency, of the value of Thirty-six Dollars, lawful money of the United States of America, the goods and chattels of the Frank Perry Time Market, by putting him, the said Frank Perry, in fear" * * *."
No. 14950  "did wilfully, feloniously and forcibly take from the person of one Charles Gordon, certain personal goods and chattels, to wit: Currency of the value of $135.00, lawful money of the United States of America, the goods and chattels of the said Charles Gordon, by putting him, the said Charles Gordon, in fear, in violation of title 2, chapter 166, section 1 of the Revised Statutes of 1937, against the peace of the State, the Government and dignity of the same."
"The Prosecutor of the Pleas of said County of Bergen further alleges that the said Thomas Stephenson, alias James Chester, and Frank E. Osback, Jr., on the tenth day of June, 1942, at the Township of Lyndhurst, in the said County of Bergen, and within the jurisdiction of this court, did, being then and there armed with revolvers, wilfully, feloniously and forcibly take from the person of one Charles Gordon, certain personal goods and chattels, to wit: Currency, of the value of $135.00, lawful money of the United States of America, the goods and chattels of the said Charles Gordon, by putting him, the said Charles Gordon, in fear * * *."
No. 14951  "on the 21st day of June, in the year of our Lord, one thousand nine hundred and forty-two, at the Borough of Rutherford, in the said County of Bergen and within the jurisdiction of this court, certain goods and chattels, to wit, one set of Auto License Plates Reg. No. R.C. 55 P., the property of Harry Blackledge, of the value of approximately Ten Dollars, lawful money of the United States of America, then and there being found, unlawfully did steal, take and carry away * * *."
No. 14952  "on the twenty-first day of June, in the year of our Lord, one thousand nine hundred and forty-two at the Township of Lyndhurst in the said County of Bergen and within the jurisdiction of this court, certain goods and chattels, to wit, one Ford Sedan, 1935 Model, Registered No. R.F. 56-W, N.J., of the value of Three Hundred Dollars, lawful money of the United States of America, of the goods and chattels of Madeline Carboy, then and there being found, unlawfully did steal, take and carry away * * *."
No. 14953  "on the twenty-first day of June, in the year of our Lord, one thousand nine hundred and forty-two at the Township of Lyndhurst in the said County of Bergen and within the jurisdiction of this court, did carry concealed in or about his clothes or person, a .22 caliber trappers model target pistol * * *."
*319 The defendant appeared on July 15, 1942 before the Court of Special Sessions of Bergen County for sentencing, and the transcript of this proceeding reads as follows:
"The Court: Stephenson, the sentence in your case will be, on the two armed robbery allegations, that you be committed to the State's Prison, at hard labor, for a period of not less than ten years nor more than fifteen years. The sentence is to run consecutively.
The sentence in your case on the carrying concealed weapons allegation will be that you be committed to the State's Prison, at hard labor, for a period of not less than two years nor more than three years.
The sentence in your case upon the larceny of auto and larceny allegations will be that you be committed to the State's Prison, at hard labor, for a period of not less than two years nor more than three years.
Were there separate allegations for robbery?
Mr. Breslin: Allegations, yes, sir, all separate.
The Court: There are two robbery and two armed robbery.
Mr. Breslin: That is right, two counts of robbery.
The Court: He pleaded guilty to robbery.
Mr. Breslin: That is right.
The Court: Sentence in the matter of the two allegations charging you with robbery will be that you be committed to State's Prison, at hard labor, for a period of not less than five years nor more than seven years on the two robbery allegations. All sentences are to run concurrently with the sentences imposed in the two armed robbery allegations."
These sentences were entered as follows: (a) armed robbery (No. 14949)  10 to 15 years, (b) armed robbery (No. 14950)  10 to 15 years, (c) robbery (No. 14949)  5 to 7 years, (d) robbery (No. 14950)  5 to 7 years, (e) larceny (No. 14951)  2 to 3 years, (f) larceny (No. 14952)  2 to 3 years, (g) carrying concealed weapons (No. 14953)  2 to 3 years; the two armed robbery sentences (a) and (b) to run consecutively, while sentences (c), (d), (e), (f) and (g) to be served concurrently with sentences (a) and (b).
At the time, two statutes applied to sentencing in cases of robbery while armed. R.S. 2:166-1 provided punishment "by a fine not exceeding one thousand dollars, or imprisonment at hard labor not exceeding fifteen years, or both." R.S. 2:176-5, in pertinent part, provided that "Any person who shall commit or attempt to commit any * * * robbery * * * when armed with * * * any revolver * * * *320 shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than five years * * *. No such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon." (Italics ours.)
The State concedes that the defendant was not accused, indicted, tried or convicted as a multiple offender and that the defendant at the time of the original sentence came under the provision for punishment on a first conviction under R.S. 2:176-5.
When sentencing a defendant on a count charging a violation of R.S. 2:166-1 and R.S. 2:176-5, the trial court should state the minimum and maximum terms imposed under R.S. 2:166-1 and also state the minimum and maximum terms imposed in his discretion under R.S. 2:176-5. It is improper to lump together the sentences on a count alleging a violation of R.S. 2:166-1 and R.S. 2:176-5. State v. Cianci, 18 N.J. 191 (1955), certiorari denied 350 U.S. 1000, 76 S.Ct. 555, 100 L.Ed. ___ (1956); State v. Tumbiolo, 28 N.J. Super. 231 (App. Div. 1953), certification denied 14 N.J. 495 (1954), certiorari denied 347 U.S. 948, 74 S.Ct. 647, 98 L.Ed. 1095 (1954). Therefore, if sentences (a) and (b) for armed robbery are deemed to be sentences which lump the terms imposed under R.S. 2:166-1 and R.S. 2:176-5, they are improper and must be corrected. On the other hand, if these particular sentences are deemed to be terms imposed under R.S. 2:176-5 alone, they are improper because each sentence exceeds the five year maximum "in addition to the punishment provided for the" robbery, and they must be corrected.
It is agreed that the original sentences were imposed following defendant's plea of non vult to the charges contained in accusations 14949, 14950, 14951, 14952 and 14953. In accusation 14949 one robbery is charged, with a further averment that the defendant was armed with revolvers at the time; in accusation 14950 one robbery is charged, with *321 a further averment that the defendant was armed with revolvers at the time; and no robbery was charged in the other accusations, namely, 14951, 14952 and 14953.
The defendant argues that he was sentenced to a term of five to seven years on the robbery charged in accusation 14949 (see sentence (c) above), and to a term of five to seven years on the robbery charged in accusation 14950 (see sentence (d) above), to run concurrently with the two sentences for being armed at the time of each of these robberies (see sentences (a) and (b) above), and that the two sentences for robbery (see (c) and (d) above) under R.S. 2:166-1 are correct and legal and have already been fully served; thus leaving for correction only sentences (a) and (b), which were made under R.S. 2:176-5 and are illegal.
The crucial question is whether, as argued by the State, the two five to seven-year sentences for robbery (sentences (c) and (d) above) originally imposed, were void because imposed for crimes of robbery which were not charged against this defendant, under the mistaken idea on the part of the sentencing judge that there were four robberies in all charged in accusations 14949 and 14950, namely, two robberies while armed, and two other robberies without any charge that defendant was armed at the time; or whether, as argued by the defendant, the original sentencing court intended the sentences of 10 to 15 years for "armed robbery" (sentences (a) and (b) above) to be sentences under R.S. 2:176-5 only, and intended the two five to seven-year sentences, (c) and (d), to be sentences under R.S. 2:166-1 for each of the two robberies charged in accusations 14949 and 14950.
The language of the sentence should be given its ordinary legal meaning and should be so construed as to give effect, if possible, to the intention of the judge who imposed it. In re Sabongy, 18 N.J. Super. 334, 346 (Cty. Ct. 1952). The county judge hearing the motion determined from the transcript of the proceedings at the time of the original sentencing that the judge, in imposing the sentence of 10 to 15 years for armed robbery on each of the two armed *322 robbery allegations, assumed he had the power to lump the penalties therefor under R.S. 2:166-1 and 2:176-5, as did the sentencing judges in the Cianci and Tumbiolo cases above, and that he did so. Further, that the two sentences of five to seven years imposed for "the two allegations charging" the defendant "with robbery," which were to run concurrently "with the sentences imposed in the two armed robbery allegations" were imposed for two non-existing charges of robbery under a mistaken idea, arising from the colloquy with the prosecutor, that accusations 14949 and 14950 each contained two charges, each charging a separate and distinct robbery, one of which was accompanied by an averment that the defendant was armed at the time, and the other a simple charge of robbery not accompanied by such an averment. The trial judge concluded that the two sentences of five to seven years for robbery, imposed in the original sentencing, were void because they were imposed for crimes which were never charged, and that the two 10 to 15 year sentences for armed robbery were illegal and must be corrected. Our examination of the record satisfies us that these determinations and the conclusion of the judge who heard the motion are correct.
It having been determined that the two sentences of 10 to 15 years for "armed robbery" are illegal, the court was then obliged to consider what sentences should have been imposed therefor, and in so doing was called upon to determine not only the term of years for each such sentence, but also whether it should be served consecutively to or concurrently with the other terms which had been validly imposed. State v. Weeks, 6 N.J. Super. 395, 399-400 (App. Div. 1950).
The corrected sentences now under attack provide "a minimum term of 10 years and a maximum term of 15 years each for robbery alleged in said accusations No. 14949 and No. 14950, to be served in the New Jersey State Prison consecutively, and an additional sentence of a minimum term of five years and a maximum term of five years in the New Jersey State Prison for having been armed at the *323 time of each of said offenses of robbery as alleged in said accusations No. 14949 and No. 14950, said additional sentences to be served concurrently and concurrent with the sentences heretofore imposed for robbery, with full credit to the defendant for time served, work and good behavior time credits earned during the time of said service under the original sentences corrected herein." And, further, that "the sentences heretofore imposed under accusations No. 14951 and No. 14952 for larceny, and No. 14953 for carrying concealed weapon, shall not be disturbed except as modified by this Order to the extent that they shall be considered to have been served concurrently with the prior sentences as corrected herein."
While these corrected sentences meet the requirements of State v. Cianci, above, and State v. Weeks, above, they must be set aside because they were imposed in the absence of the defendant. A sentence passed in the absence of the defendant is void. Manda v. State, 28 N.J. Super. 259, 265 (App. Div. 1953); cf. R.R. 3:5-4; 15 Am. Jur., Criminal Law, § 455.
The order under appeal is reversed and the cause remanded to the Bergen County Court for the imposition of correct sentences.