65 N.J. Super. 262 (1961)
167 A.2d 650
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HARRY WINES, DEFENDANT-APPELLANT, AND ANTHONY PALUMBO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1960.
Decided January 30, 1961.
*264 Before Judges PRICE, GAULKIN and SULLIVAN.
*265 Mr. Edward F. Hamill, Assistant Prosecutor, argued the cause for the respondent (Mr. Lawrence A. Whipple, Hudson County Prosecutor, attorney).
Mr. A. Donald McKenzie, Jr. argued the cause for the appellant Harry Wines (Messrs. McKenzie & Hehl, attorneys).
Mr. Joseph Moritz argued the cause for the appellant Anthony Palumbo.
The opinion of the court was delivered by GAULKIN, J.A.D.
Following the reversal of their previous convictions (State v. Wines, 47 N.J. Super. 235 (App. Div. 1957)) defendants were again convicted, and again they appeal.
They contend the verdict was against the weight of the evidence. No purpose would be served by recounting the details of the evidence. Suffice it to say that we have examined it carefully within the scope of our review, and find that the issues were those of fact and credibility, and that the verdict finds adequate support in the evidence.
The more serious questions arise out of the following facts.
When the indictment was handed up it charged, in the first count, that the defendants "did forcibly take from the person of Herman Smith * * * $362 * * * by violence and putting the said Herman Smith in fear, the said Harry Wines and Anthony Palumbo then and there being armed with, and having in their possession, a certain firearm, contrary to the provisions of N.J.S. 2A:151-41 and 2A:141-1 * * *." N.J.S. 2A:151-41 is the concealed weapon statute; N.J.S. 2A:141-1 the robbery statute. The statute that empowers the court to give an additional sentence for committing robbery while armed is N.J.S. 2A:151-5, but that number did not appear anywhere in the indictment. There was a second count with which we need not concern ourselves, because it was dismissed on the State's motion during the second trial.
*266 In spite of the reference to N.J.S. 2A:151-41, the indictment did not contain words which charged the crime of carrying a concealed weapon. State v. Quinn, 108 N.J.L. 467 (Sup. Ct. 1932). Nevertheless, the trial judge, in the first trial, treated it as if it did. He charged the jury:
"Count number one charges that on April 20, 1955, in the town of Guttenberg these two defendants did commit the crime of armed robbery against one Herman Smith, charging, as it says here in the formal words of the charging part, that these men `in the County of Hudson aforesaid and within the jurisdiction of this Court, did forcibly take from the person of Herman Smith, cash, lawful money, in the amount of $362.00 by violence and putting the said Herman Smith in fear, the said Harry Wines and Anthony Palumbo then and there being armed with, and having in their possession, a certain firearm, contrary to the provisions' of the law.
Now the crime of robbery is a felony, so if the facts satisfy you beyond a reasonable doubt * * * that one of the men had a gun and the other man participated, whether he had a gun or not they are both principals. So, in the first count the indictment charges them both with robbery while armed. It also charges them with violation of section 2A:151-4. That section of the statute makes it a misdemeanor to carry a concealed weapon. There is some proof that Wines did. Whether you accept that proof is your burden and you will have to do that according to the evidence and according to the rules of law which I will give you. But I wish to call your attention to the fact that the first count charges armed robbery against both of them. On that count you will find Wines guilty or not guilty and you will find Palumbo guilty or not guilty. You don't have to find both guilty or both not guilty. There are two men separately on trial before you and you must bring in a verdict against or for each of them. In the first count the charge is armed robbery against each of them and the charge of carrying concealed weapons against each of them, but I direct that you bring in no verdict against Palumbo for carrying a concealed weapon. By that I am not inferentially asking you to bring in a verdict against Wines for carrying a concealed weapon. That is for you to determine from all the proofs in the case."
The jury thereafter returned its verdict as follows:

"* * * * * * * *
THE FOREMAN: We, the jury, find the defendants, Harry Wines and Anthony Palumbo guilty of the charges made by the State.
THE COURT: Now you say, Mr. Foreman, you find the defendants guilty of the charges made by the State.
*267 THE FOREMAN: Yes, sir.
THE COURT: You will recall when I was talking to you before you retired I stated that the first count of the indictment charged both defendants with armed robbery. Do you find both defendants guilty of armed robbery?
THE FOREMAN: Yes, sir.
THE COURT: The first count also, by reference to the statute, charges them inferentially with carrying concealed weapons. I told you under the proofs I didn't see how you could possibly find Palumbo guilty of carrying a concealed weapon. That is what I told you but you still have a right to find him guilty.
THE FOREMAN: We find Harry Wines guilty of that charge, carrying a concealed weapon.
THE COURT: How about Palumbo?
THE FOREMAN: No, he is not guilty of that charge.
THE COURT: With respect to the second count, both defendants are charged with assault with intent to rob. What is your verdict on that?
THE FOREMAN: Both guilty.
THE COURT: I understand you find both defendants, Harry Wines and Anthony Palumbo, guilty of armed robbery as charged in this indictment. I also understand you find Harry Wines guilty of carrying a concealed weapon as charged in this indictment; and I also understand you find Harry Wines and Anthony Palumbo both guilty of assault with intent to rob. Is that your verdict?
THE FOREMAN: Yes, sir.
THE COURT: Is that your unanimous verdict?
THE FOREMAN: Yes."
According to the Clerk's docket, the judge then sentenced Wines "[o]n 1st Count for a maximum term of Fifteen (15) Years and a minimum term of Ten (10) Years * * * On Carrying Concealed Weapon 1st Count for a Max term of three (3) Years and a Minimum term of One (1) Year concurrently with sentence imposed on 1st Count. * * *" On the second count (dismissed, as we have said, by the prosecutor during the second trial, pursuant to said reversal), the sentence was 5 to 7 years "consecutively after sentence imposed on 1st Count. * * *" Palumbo received the same sentences, except, of course, upon the concealed weapon charge.
The reversal in 47 N.J. Super. 235, supra, was based upon error in the court's charge relating to alibi. It therefore *268 vitiated the entire judgment of the first trial, and all of the sentences which resulted therefrom, even though the opinion made no mention of Wine's concealed weapon conviction.
On the morning of the retrial, the trial court granted the State's motion, over defendants' objection, to amend "N.J.S. 2A:151-41" (concealed weapons) to "N.J.S. 2A:151-5" (added penalty for robbery while armed). After the defendants were again convicted, upon the indictment as thus amended, each was sentenced "on the First Count of the Indictment (Robbery 2A:141-1) for a minimum term of Ten (10) years and a maximum term of Fifteen (15) years, and he is sentenced on (Use of Firearms 2A:151-5) for a minimum term of Three (3) years and a maximum term of Five (5) years. These sentences to run consecutively with each other."
Defendants contend that the court had no right to permit the amendment, because it substituted a different offense for the one which the trial court had said, in the first trial, was set forth in the indictment.
If we lay aside the trial court's misconstruction of the indictment and confine ourselves to its language, it is obvious that the words of the indictment described robbery (N.J.S. 2A:141-1) while armed (N.J.S. 2A:151-5) and that the reference to N.J.S. 2A:151-41 was erroneous. That error was a mere matter of form, and amendable. R.R. 3:4-3(a); State v. La Vera, 35 N.J. Super. 256 (App. Div. 1955), certiorari denied 350 U.S. 853, 76 S.Ct. 95, 100 L.Ed. 758 (1955). Cf. State v. Tumbiolo, 28 N.J. Super. 231 (App. Div. 1953), certification denied 14 N.J. 495 (1954), certiorari denied 347 U.S. 948, 74 S.Ct. 647, 98 L.Ed. 1095 (1954); State v. Stephenson, 41 N.J. Super. 315 (App. Div. 1956).
The question, then, is whether the treatment by the trial court of the indictment as if it charged carrying a concealed weapon made illegal the amendment that was made. First, it must be remembered that the trial court treated *269 the indictment as if it charged carrying a concealed weapon in addition to and not instead of the charge of being armed while robbing. In State v. Stephenson, supra, defendant had pleaded non vult to two armed robberies. The trial court, mistakenly thinking that he had pleaded non vult to four robberies, two armed and two unarmed, imposed four sentences, as follows:
"The Court: Stephenson, the sentence in your case will be, on the two armed robbery allegations, * * * not less than ten years nor more than fifteen years. The sentence is to run consecutively * * * Sentence in the matter of the two allegations charging you with robbery will be * * * not less than five years nor more than seven years * * * to run concurrently with the sentences imposed in the two armed robbery allegations.'"
Thirteen years later Stephenson moved before the County Court for the correction of the sentences. The County Court held that the sentences for unarmed robbery were void, since unarmed robbery had not been charged, and that those for armed robbery had been improperly "lumped." Cf. State v. Cianci, 18 N.J. 191 (1955). The County Court then imposed consecutive sentences on each of the armed robbery accusations of 10 to 15 years "for robbery * * * and an additional sentence" of 5 years [sic] "for having been armed at the time * * * said additional sentences to be served concurrently * * * with the sentences imposed for armed robbery," with credit, of course, for the time already served.
On appeal, Stephenson argued that he had already served the two concurrent five to seven-year sentences for robbery; that the State could not now be heard to argue that those sentences were for non-existent robberies, and therefore the five to seven years must be considered as having been served by him for the armed robberies actually committed; and that the most the court had power to do in resentencing was to add five years for being armed (under R.S. 2:176-5, now N.J.S. 2A:151-5) to each of said concurrent 5 to 7 year terms, and since that five years also had been served *270 during the 13 years of his incarceration, he was entitled to freedom.
We rejected those contentions, and agreed with the trial judge "that the two sentences of 5 to 7 years for robbery * * * were void because they were imposed for crimes which were never charged"; that therefore the time served was attributable to the consecutive sentences originally imposed for the armed robberies, even though those sentences were illegally lumped; and that the resentences were proper (except that they had been imposed in defendant's absence).
So here. The sentence imposed on Wines for carrying a concealed weapon was void because there was no such charge in the indictment. State v. Quinn, supra. Therefore Wines could not claim autrefois convict, nor Palumbo autrefois acquit. 15 Am. Jur., Criminal Law §§ 373-376, pp. 48-50. Nor can Wines claim that the State was estopped from amending the indictment because of the time already served by him, because that time was not attributable solely to the concealed weapons charge. State v. Stephenson, supra. Cf. State v. Tumbiolo, supra.
Moreover, when all of the sentences, including the one on Wines for carrying a concealed weapon, were voided by the reversal, and the case came back to the trial court for a new trial, that court had the same powers with reference to the conduct of the case, including amendments to the indictment, as when it was first handed up by the grand jury, subject only to the limitations of autrefois convict or acquit (which, as we have said, do not exist here) and to any restrictions imposed by the mandate and the opinion on reversal. State v. Williams, 30 N.J. 105 (1959). There is nothing in the mandate, or the opinion in 47 N.J. Super. 235, supra, that forbade the amendment, or the new trial of Palumbo for robbery while armed, or that limited the retrial of Wines to the charge of carrying a concealed weapon rather than being armed while robbing.
In State v. Williams, supra, 30 N.J., at page 121, the Supreme Court said: "* * * a person who is convicted *271 of a particular offense and thereafter obtains a reversal on appeal on account of trial errors, may be put to retrial of the offense established by the conviction." The offense established by the conviction on the first count in the first trial was armed robbery, in spite of the fact that the trial judge improperly lumped the sentences on that count, and added a sentence for the non-existent carrying concealed weapons, State v. Cianci, supra; State v. Tumbiolo, supra; State v. Stephenson, supra; and, as we have said, the reversing opinion spoke throughout of the armed robbery conviction, made no reference to the concealed weapon charge, and reversed for a new trial for armed robbery and all other charges. Defendants may not complain that the concealed weapon charge was dropped upon the retrial.
Defendants urge other reasons for reversal. Because they were not raised below, or lack sufficient merit, we find no need to discuss them.
Affirmed.