Anthony PALUMBO, Appellant,

v.

**STATE OF NEW JERSEY and Howard Yeager, Warden, New Jersey State Prison.**

No. 15602.

United States Court of Appeals Third Circuit.

Argued Sept. 15, 1966.

Decided Oct. 6, 1966.

William L. Boyan, Trenton, N. J., for appellant.

Gregory J. Castano, Asst. Prosecutor of Hudson County, Jersey City, N. J. (James A. Tumulty, Jr., Prosecutor of Hudson County, by Alvin S. Michaelson, Asst. Prosecutor, Jersey City, N. J., on the brief), for respondents.

Before STALEY, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order from the United States District Court for New Jersey denying the appellant's ("petitioner") petition for a writ of habeas corpus.

Petitioner first contends that he was denied due process under the 14th Amendment in that he was convicted in the State Court without adequate notice of the charge against him.

The facts concerning petitioner's claim are completely set forth in the opinion of the Appellate Division of the Superior Court of the State of New Jersey in State v. Wines, 65 N.J.Super. 262, 167 A.2d 650. For our purposes it is sufficient to say that in the first count of the original indictment found by the Hudson County Grand Jury it was charged that petitioner "did forcibly take from the person of Herman Smith * * * $362.00 * * * by violence and putting said Herman Smith in fear, the said * * * Anthony Palumbo then and there being armed with and having in their possession, a certain firearm, contrary to the provisions of N.J.S. 2A:151–41 and 2A:141–1 * * *." The 151–41 provision is the concealed weapon statute while 141–1 is the robbery statute. Despite the reference to the statute dealing with the carrying of a concealed weapon the fact was that the indictment did not contain words which charged such a crime.

At the first trial the court charged both on the crime of armed robbery and the crime of carrying a concealed weapon. The jury found the petitioner guilty of armed robbery and found him not guilty of carrying a concealed weapon. The conviction of the armed robbery charge was reversed on appeal and a new trial ordered.

On the morning of the re-trial the trial court granted the state's motion, over petitioner's objection, to amend the indictment by striking the reference therein to the concealed weapon's statute and substituting the statutory reference to the penalty for robbery while armed (N.J.S. 2A:151–5). Thereafter the defendant was convicted and sentenced on the armed robbery charge. Petitioner then appealed his conviction to the Appellate Division of the Superior Court claiming that the court had no right to permit the amendment to the indictment because it substituted a different offense for the one which the trial court had said, in the first trial, was set forth in the indictment. Thus, he says that he was not indicted for and did not have fair notice of the offense for which he was tried and convicted.

The Appellate Division of the New Jersey Superior Court determined that the trial court treated the first count of the indictment at the time of the first trial as containing a charge of carrying a concealed weapon in addition to and not instead of the charge of being armed while robbing. State v. Wines, above.

# 828

The New Jersey court viewed the deletion of the erroneous statutory reference at the beginning of the re-trial as a change of form and not of substance under the circumstances of the case.

The New Jersey Supreme Court denied on the merits what it considered to be petitioner's petition for certification, 34 N.J. 474, 170 A.2d 86. Certiorari was denied by the United States Supreme Court, Palumbo v. State of New Jersey, 368 U.S. 905, 82 S.Ct. 184, 7 L.Ed.2d 99.

■ We are satisfied that from the inception the petitioner had fair notice of the crime for which he was ultimately convicted and for which he is now serving a prison sentence. The original indictment charged robbery while armed in so many words and the court instructed the jury on that crime. The same was true at the second trial. We agree with the District Court that the change in the statutory reference before the second trial was not of constitutional substance under the circumstances of this case.

■ Petitioner next makes an argument to the effect that his second conviction constituted a violation of his right to protection against double jeopardy under the 14th Amendment. We fail to follow this argument in view of the fact that he was tried and convicted at the first trial of the crime of armed robbery. He thereafter sought and obtained a reversal. Under the circumstances he became entitled to a new trial on the same charge, not an acquittal. We see no federal double jeopardy issue here, even assuming that it could be a proper issue in connection with state court criminal proceedings.

■ Petitioner next claims that the taking of the indictment into the jury room at the time the verdict was to be considered deprived petitioner of his 14th Amendment right to a fair trial where the facts were allegedly sharply in dispute. In view of our conclusion on this issue, we pass over the apparent fact that it was not raised in the post-conviction proceedings in the State Court or the District Court.

The trial judge instructed the jury that the indictment should not be considered as evidence and that the Grand Jury did not hear petitioner's side of the case. At least when considered in conjunction with the instructions of the court, we are unable to see how this deprived the petitioner of a fair trial. On the contrary, the practice seems justified as a practical means by which a jury can refresh its recollection as to the charges which it is called upon to decide.

Finally, petitioner says he was deprived of a fair trial within the meaning of the 14th Amendment because of the introduction of certain evidence at the second trial.

■ First, he contends that the introduction of evidence of a co-defendant's conviction of three prior similar crimes, which is allowed under New Jersey law to test a witness' credibility, was prejudicial to him. We point out that this contention was apparently not raised previously in any proceedings. In any event, petitioner did not take the witness stand and so the record does not contain evidence of his prior convictions, if any. We therefore do not see that he is in a position to claim prejudice because of the application of the practice to a co-defendant. Certainly some sense of discrimination must be attributed to a jury.

Petitioner also says that his constitutional right to a fair trial was violated by the reception of certain testimony of a witness for the State. The testimony was to the effect that prior to the time when the witness confronted the accused, the chief of police had informed the witness-to-be of the involvement of the accused in some other crime.

■ It is not disputed that defense counsel himself on cross-examination elicited the answers which it is now claimed resulted in deprivation of due process. Whether this defendant would have any legal grievance were this type of evidence adduced by another we need not consider. We are satisfied that there was no violation of the petitioner's rights under the 14th Amendment when his

counsel elicited the answers now under attack. Indeed, the answers under scrutiny appear to have resulted from trial counsel's attack on the witness' identification of the petitioner. When trial counsel's calculated risk in cross-examining a witness "backfires" he is not free to escape the resulting effect on his client's case by invoking constitutional principles which have no applicability to a situation of his own creation.

We find petitioner's grounds of error to be without merit.

The judgment of the United States District Court for the District of New Jersey denying the application for a writ of habeas corpus will be affirmed.