**UNITED STATES of America**
**v.**
**James Conrad WILLIAMS, Appellant.**
**No. 17367.**

United States Court of Appeals
Third Circuit.

Argued Jan. 9, 1969.
Decided June 18, 1969.

**626**

Peter P. Green, McGuire & Healey, Haddonfield, N. J., for appellant.

Robert W. Page, Asst. U. S. Atty., Camden, N. J., for appellee (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief).

Before BIGGS, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

On December 7, 1967, the appellant, Williams, was indicted for the illegal possession of a firearm which had not been registered under the National Firearms Act, 26 U.S.C. §§ 5841, 5851. The indictment in pertinent part read: "That on or about November 7, 1967, in the Borough of Berlin, County of Camden, State and District of New Jersey, James Conrad Williams wilfully and knowingly did possess a firearm, that is, a sawed-off 12-gauge Stevens, Savage Arms Corp., shotgun, having a barrel length of 6½ inches, and an over-all length of 14½ inches, which had not been registered with the Secretary of the Treasury or his delegate, as required by Section 5841, Title 26, United States Code. In violation of Title 26 U.S.C. Section 5851." Williams entered a plea of not guilty.

On January 19, 1968 the United States moved to amend the indictment by deleting the phrase "which had not been registered with the Secretary of the Treasury or his delegate, as required by Section 5841" and substituting in lieu thereof the phrase "for which no tax had been paid as required by Section 5811." Judge Cohen granted the motion and at that time Williams retracted his plea of not guilty and pleaded guilty to the indictment as amended. Ten days later, on January 29, 1968, the decisions of the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889, Grosso v. United States, 390 U.S. at 62, 88 S.Ct. 716, 19 L.Ed.2d 906 and Haynes v. United States, 390 U.S. at 85, 88 S.Ct. 722, 19 L.Ed.2d 923, were handed down. On March 3, 1968 Williams moved to withdraw his plea of guilty, relying on the January 29th rulings of the Supreme Court. The court ordered the submission of briefs, heard argument on the motion on May 2, 1968, and denied it. The court thereupon refused to allow the withdrawal of the plea of guilty, found Williams guilty, and sentenced him to eighteen months in prison. Williams has appealed. After argument on the merits of the issues presented by *Marchetti*, *Grosso* and *Haynes*, at our request the parties briefed and argued the issue of whether the indictment was validly amended. We conclude that it was not.

The nature of the amendment briefly can be stated as follows: Section 5851, Title 26, U.S.C., provides in pertinent part: "It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred

in violation of sections 5811 * * * *or to possess any firearm which has not been registered as required by section 5841.*" (Emphasis added.)

Section 5841 embodies a registration requirement for "Every person possessing a firearm" who has not complied with certain other provisions of the National Firearms Act among which is the tax section, Section 5811, referred to hereinafter.

Section 5811(a) provides that there shall be *levied, collected and paid* on firearms a tax at the rate of $200 each and that such tax should be paid by the transferor but if the firearm is transferred without payment of the tax, the *transferor* and the *transferee* shall become jointly and severally liable for it.

The penalties are the same for the transgression of either section. See 26 U.S.C. § 5861.

The indictment as it was originally charged a violation of the National Firearms Act because Williams possessed a shotgun *"which had not been registered with the Secretary of the Treasury or his delegate as required by section 5841, Title 26, U.S.C. * * *"* (Emphasis added.)

The amendment struck out of the indictment the language italicized above and inserted in lieu thereof the words, *"for which no tax has been paid as required by section 5811."* (Emphasis added.)

■ We believe that an indictment expires if it be amended in matter of substance other than by the grand jury of the sovereign who returned it.[1] Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887); Russell v. United States, 369 U.S. 749, 769–771, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. Denny, 165 F.2d 668 (7 Cir. 1948), cert. den. 333 U.S. 844, 68 S.Ct.

662, 92 L.Ed. 1127 (1948); United States v. Critchley, 353 F.2d 358 (3 Cir. 1965). *Cf.* Jackson v. United States, 123 U.S.App.D.C. 276, 359 F.2d 260, 265 (1966), dissenting opinion of Wright, J. See Crosby v. United States, 119 U.S. App.D.C. 244, 339 F.2d 743 (1964). *Cf.* Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960).

The United States contends that the validity of the indictment should be upheld primarily for two reasons: First, that Williams expressly consented to the amendment and, second, that our decision in Palumbo v. New Jersey, 366 F.2d 826 (3 Cir. 1966), supporting an amended indictment is in point with the case at bar.

As to the first issue, if the indictment was amended in matter of substance, as we think it was for reasons that will be stated hereinafter, the consent of the accused to the amendment is not relevant. We so held in United States v. Fawcett, 115 F.2d 764, 132 A.L.R. 404 (3 Cir. 1940). That ruling was that an amendment of substance to the body of an indictment violates the Fifth Amendment even if the accused agrees that the facts stipulated should have the same effect as if set out in the indictment itself. See also United States v. Smith, 107 F.Supp. 839 (M.D.Pa.1952), and Crosby v. United States, *supra.*

As to the second issue, *Palumbo* we think is clearly distinguishable from the case at bar. In *Palumbo* three New Jersey statutes were involved: N.J.S. 2A:-151–41, N.J.S.A. (carrying concealed deadly weapons), N.J.S. 2A:141–1, N.J.S.A. (robbery) and N.J.S. 2A:151–5, N.J.S.A. (additional sentence for armed criminals). The indictment provided, State v. Wines, 65 N.J.Super. 262, 167 A.2d 650, 652, that the defendants, Palumbo and Wines, "did forcibly take from the person of Herman Smith * * $362 * * * by violence and putting

[1.] Whether the amendment is permissible if the grand jury be a different grand jury, albeit one empowered by the same sovereign, than that which returned the indictment is a matter which we need not inquire into here.

the said Herman Smith in fear, the said * * * Wines and * * * Palumbo then and there being *armed with, and having in their possession a certain firearm,* contrary to the provisions of [N.J.S. 2A:151–41 and 2A:141–1] * * *." (Emphasis added) Despite the reference to N.J.S. 2A:151–41, N.J.S.A., the indictment did not contain words which charged the crime of carrying a concealed weapon. There was no mention in the indictment of N.J.S. 2A:151–5, N.J.S.A., which provides an "Additional sentence for armed criminals", specifically stating: "Any person who commits * * * [a] robbery * * * when armed with * * * any * * * firearm * * * shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than 5 years; upon a second conviction by imprisonment for not more than 10 years; upon a third conviction by imprisonment for not more than 15 years; and upon a fourth or subsequent conviction, by imprisonment for not more than 20 years or for life, in the discretion of the court. No such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon." Palumbo was convicted but there was error in the charge respecting an alibi and a new trial was ordered. Just prior to the commencement of the new trial the trial court granted the State's motion over Palumbo's objection to amend the indictment to eliminate the concealed weapon charge and add the additional penalty based on the armed criminal statute. *Cf.* N.J.S. 2A:151–41, N.J.S.A. and N.J.S. 2A:151–5, N.J.S.A. Sentence was imposed on the robbery count and an additional sentence on the armed robbery criminal count, the sentences to run consecutively.

As will be observed the language that Williams "wilfully and knowingly did possess a firearm * * *, a * * * shotgun" of a prohibited type was originally in the indictment and remained in it. The amendment deleted the registration provision and substituted therefor the tax provision. *Cf.* again Sections 5841 and 5811 of the National Firearms Act. The amendment went to the very gravamen of the charge since Congress created two crimes related to the possession of a proscribed firearm, describing them in particularized language, one crime centered on possession and registration and the other upon possession and failure to pay the tax. In each case the gravamen of the crime must be stated as relates to the possession of the proscribed weapon. In *Palumbo,* on the other hand, the indictment was clear in stating the actual offense, *i. e.,* robbery with a firearm, and the deletion or addition of statutory references was unnecessary. We hold *Palumbo* not to rule the case at bar which involves the Fifth Amendment requirement of indictment by a grand jury and not merely notice.

In view of the foregoing, we conclude that the indictment expired with the amendment and the court below lost its jurisdiction to impose any penalty upon Williams. The United States of course will be free to re-indict and re-try Williams according to law. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed. 627 (1966). We note that the statute of limitations has not run. 26 U.S.C. § 6531.

The judgments of conviction and sentence will be reversed and the case remanded with the direction to dismiss the indictment.